they can prosecute in the name of the Board for the recovery of penalties.

It may be that the ends of justice will be sufficiently attained by staying the plaintiffs' proceedings, and I am therefore disposed to acquiesce in the modification of the order made at special term, which my brethren have thought proper to adopt.

It seemed to me at special term inconsistent, when the charge of prosecuting these actions without authority was not denied, not to dismiss them ; if they were prosecuted without authority, as I think it evident they are, then the plaintiffs could not be held liable for costs, and the attorneys stood confessed as the instigators of the actions, and of course justly liable for the costs.

Order reversed without costs, and with leave to defendants to move for security for costs and for stay of proceedings until such security is filed.

# SKINNER *a.* STUART.

*Supreme Court, First District ; Special Term, December,* 1861.

ACTION BY CREDITOR TO ENFORCE THE LIEN OF AN ATTACHMENT AND EXECUTION.—PROPER PARTIES.—SHERIFF AS REPRESENTATIVE OF SUITORS.—FORM OF DEMURRER FOR DEFECT OF PARTIES.

Where a party has issued execution, and his remedy thereby, against property which is the proper subject of levy and sale, is obstructed, he may, before return of execution, bring a creditor's action to enforce his remedy.

The complaint averred that the defendants, except S. & Co. and C. & Co., were attaching creditors of other persons, who were non-resident debtors, and against whom attachments had been issued as provisional remedies, in various actions, and were in the hands of the sheriff; that the plaintiffs' attachment was issued subsequent to those of the defendants who were attaching creditors ; that the defendants S. & Co. had in their possession property levied upon by such attachments, which they refused to deliver to the sheriff, under the attachment, and the defendant C. had become the assignee or purchaser of all the interests of the debtors in the attached property subsequent to the attachments ; that the defendants P. & H. had issued the first attachment, but were

Skinner *a.* Stuart.

not entitled to claim priority, because their action was commenced before their demand had matured. The complaint demanded as relief,·that S. & Co. account, and pay over to the sheriff, under the attachments, the assets of the debtors; that the priority of the liens of the attaching creditors be adjudged; that C.'s claim be adjudged subordinate to the lien of the attachments, except that of P. & H.; and that in case of deficiency, the defendants P. & H., as against the other claimants by attachment, receive no part of the sum realized under the attachments.

*Held,* that the complaint contained but one cause of action, namely, that by the plaintiffs, to recover their debt from the property which S. & Co. refused to subject to the process of the court, and upon which the other defendants had claims adverse to plaintiffs; and that the plaintiffs were entitled to the relief demanded.

In such an action, the sheriff to whom the attachments have been issued, is not a necessary or proper party. He is but the minister of the court: he may sometimes represent suitors and judgment-creditors; but where the suitors or creditors have a standing in court, and are parties to the record to assert their own rights and protect their own interests, the ministerial officer of the court is an improper party.

In such action, the attaching creditors other than the plaintiff are proper parties defendant, as having liens prior and paramount to plaintiff, and as being necessary to a complete determination and settlement of the questions involved.*

The judgment-debtors of the plaintiff, against whose property the plaintiff's execution had been issued, are not necessary parties to such action: because, 1, the plaintiff's rights, as against them and against the attached property, were established by the judgment; and 2, they had, since the issue of the attachment, assigned their interest in the attached property, and had no claim to or interest in the assigned property.

A demurrer to a complaint following the words of the Code, § 144, subd. 4, "that there is a defect of parties defendant," is defective in not specifying the particular defect.

Neither the authority given to the sheriff by the Code, § 232, or the privilege of examination for the purpose of discovery, given by § 236, deprives creditors of their well-established right to enforce their lien, acquired under attachment and execution, by a suit in equity. At most, the remedies given by the Code in the name of the sheriff are merely cumulative, and designed to give a more summary process in cases where it can be made effectual.

## Demurrers to a complaint.

This action was brought by Francis Skinner, Henry H. Horton, Edmund F. Cutter, Josiah Bardwell, and William P. Brintnell, against numerous defendants.

The complaint, after omitting the formal parts, was as follows: [Title of the cause.]

The complaint of the above-named plaintiffs respectfully

---

* Compare Bishop *a.* Edmiston, *Ante,* 346.

shows to the court that they are, and were at the date of the transactions herein named, copartners, trading in the city of New York and in the city of Boston, under the firm-name of Francis Skinner & Co.; that on and prior to the 9th day of May, 1861, Joseph W. Shepherd and William R. Moore, composing the firm of Shepherd & Moore, were justly indebted, in a cause of action arising on contract, to the plaintiffs in the sum of $2,925.17, namely, upon a bill of exchange or draft for said sum drawn by said Shepherd & Moore, and duly protested on the above the 1st day of said May, besides interest from last-mentioned day.

That on or about the said 9th day of May, 1861, these plaintiffs commenced an action in this court for the recovery of said debt, and upon a proper affidavit showing the said cause of action existing in favor of the plaintiffs herein against said Shepherd & Moore, the amount of the claim, the grounds thereof, and that said Shepherd & Moore were not residents of the State of New York, and upon giving the written undertaking with sufficient surety, as required by law, procured a warrant of attachment to be issued in said action in due form of law, signed by one of the justices of this court and directed to the sheriff of the city and county of New York, wherein and whereby said sheriff was commanded to attach and safely keep all the property of said Shepherd & Moore, defendants therein, within the said city and county, or so much thereof as might be sufficient to satisfy the said plaintiffs' demand above stated, together with their costs and expenses, as by said warrant of attachment now in the hands of said sheriff, and said affidavit and said undertaking filed in the office of the clerk of this court, reference thereunto being had, will more fully appear. That said warrant of attachment was, on or about the day last named, delivered to the said sheriff for execution against said property.

And plaintiffs further show, upon information and belief, that the said Shepherd & Moore were, on or about the 6th of May, 1861, indebted to the defendant Albert Jewett in the sum of $2,202.73, besides interest, in a cause of action arising on contract, for the recovery of which said Jewett, on or about the date last named, commenced an action in this court, and procured to be issued and directed and delivered to the said sheriff,

a like warrant of attachment against the property of said Shepherd & Moore.

That on or about said 6th of May, 1861, said Shepherd & Moore were indebted to the defendants, Joseph Linder and Ezra M. Kinsley, in the sum of $294.29, besides interest, in a cause of action arising on contract, for the recovery of which said Linder & Kinsley, on or about the day last named, commenced an action in this court, and duly procured from one of the justices thereof a like warrant of attachment against the property of said Shepherd & Moore, to be issued and directed and delivered to said sheriff.

That on or about said 6th of May, 1861, said Shepherd & Moore were indebted to the defendants, Frederick Butterfield and Lyman A. Jacobs, in the sum of $370.52, in a cause of action arising on contract, for the recovery of which said Butterfield & Jacobs did, on or about the day last named, commence an action in this court, and procure from one of the justices of this court a like warrant of attachment against the property of said Shepherd & Moore, to be issued, directed, and delivered to the said sheriff.

That on or about said 6th of May, 1861, said Shepherd & Moore were also indebted to the defendants, William Watson, Walter Magee, William W. Fannel, and Robert Trimble, on a cause of action arising on contract, in about the sum of $1,248.62, besides interest, for the recovery of which said defendants last named did, on or about the day last named, commence an action in this court, and procured a like warrant of attachment against the property of said Shepherd & Moore, to be issued, directed, and delivered to said sheriff.

That on or about said 6th of May, 1861, said Shepherd & Moore were indebted to the defendants, Gordon W. Burnham, James M. Plumb, and Leonard D. Atwater, in the sum of about $525.84, besides interest, in a cause of action arising on contract, for the recovery of which said defendants last named, on or about the day last named, commenced an action in this court, and procured from one of the justices an attachment against the property of said Shepherd & Moore, to be issued, directed, and delivered to the sheriff of the city and county of New York aforesaid.

That on or about the said 6th of May, 1861, said Shepherd &

Moore were indebted to the defendants John J. Phelps, George Bliss, Charles G. Landon, George A. Wicks, William J. Peake, and Spencer W. Coe, in about the sum of $4,078.22, besides interest, in a cause of action arising on contract, for the recovery of which the defendant last named commenced an action in this court, and procured from one of the justices of this court a like warrant of attachment against the property of said Shepherd & Moore, to be issued, directed, and delivered to said sheriff.

That on or about the 1st day of May, the defendants Frederick T. Peet, George H. Hughes, and William C. Peet, claiming that said Shepherd & Moore were justly indebted to them in about the sum of $680.12, besides interest, in a cause of action arising on contract, commenced an action in this court for the recovery of the same, and procured from one of the justices of this court a like warrant of attachment against the property of said Shepherd & Moore, to be issued, directed, and delivered to said sheriff; but these plaintiffs, on information and belief, aver and charge that at the time of the commencement of said action by these last-named defendants, and the issuing of said attachment, their claim or debt against said Shepherd & Moore had not become due and payable, and that their said action was premature, and that said action is now being defended upon that ground.

And plaintiffs further say, on information and belief, that said warrants of attachment still remain in the hands of said sheriff, wholly uncollected and unsatisfied. That in several of the cases above named the plaintiffs therein have proceeded to judgment in their said actions, the particulars whereof are unknown to plaintiffs, but which, so far as necessary, they ask may be inquired of in this action.

And plaintiffs further show, on information and belief, that the defendants George H. Stuart, David Stuart, Thomas Wallace, and David Dennison, were, at the time of the transactions herein named, and now are, partners, doing business in the city of New York and elsewhere under the firm-name of George H. Stuart & Co. That said defendants last named then had, at the respective times of the issuing and levying, as hereinafter mentioned, of said warrant of attachment, and now have a large amount of personal property, consisting of moneys and bills, notes, and other evidences of debt and property deposited with

them by and belonging to said Shepherd & Moore, and were also indebted to said Shepherd & Moore on other accounts and in large sums of money, which property and indebtedness these plaintiffs aver, upon information and belief, were more than sufficient to satisfy all the claims embraced in the several attachments above named. That by virtue of the warrant of attachment so issued, in the action so commenced by these plaintiffs, the said sheriff did, on or about the said 9th of May, 1861, levy upon and attach the said property in the hands and possession of, and said indebtedness due from, said defendants George H. Stuart & Co., and served upon them a certified copy of said attachment, together with a notice showing the property so levied upon and attached, and did attach all and singular the estate, real and personal, of the said Shepherd & Moore, with all books of account, vouchers, and papers relating thereto, and all the property and effects, rights and shares of stock, and debts and credits of the said Shepherd & Moore, then in the possession or under the control of said George H. Stuart & Co., or which might thereafter come into their possession or under their control, and on or about the respective days of issuing the same, as plaintiffs are informed and believe, did make a like levy and attachment under the several attachments in behalf of the other defendants herein, and served upon said George H. Stuart & Co., like certified copies of said attachments, with notices showing the property so levied upon. That at the time of making said several levies and attachments, and serving said warrants of attachment and notices, said sheriff demanded of said defendants George H. Stuart & Co., that they deliver to said sheriff the said property so levied upon, to the end that the same might be appropriated to the payment and satisfaction of said several warrants of attachment pursuant to the directions therein contained, but that said defendants George H. Stuart & Co., refused and neglected, and still refuse and neglect to comply with said demand, or to pay or deliver over said property so levied upon and attached to the said sheriff, or properly to account therefor as required by law.

And plaintiffs further show, upon information and belief, that since the issuing of and levy under said warrants of attachment, said Shepherd & Moore have made an assignment or transfer of all their interest in said property to the defendant

Simeon B. Chittenden, who, by virtue thereof, claims said property or some interest therein.

And plaintiffs further show that such proceedings were taken, in said action of these plaintiffs, against said Shepherd & Moore in this court, that on or about the 1st of August, 1861, said plaintiffs recovered judgment thereon against said Shepherd & Moore for the sum of $3,053.98, for their damages and costs, as by the judgment-roll filed in the office of the clerk of this court, and the docket of said judgment made on the day last aforesaid, reference thereunto being had, will, among other things, more fully appear. That thereupon they caused an execution upon said judgment, in due form of law, to be issued, directed to, and the same was, on or about the 1st day of August, 1861, delivered to the said sheriff, whereby the said sheriff was commanded to make the amount of said judgment and his fees and poundage out of the property of said Shepherd & Moore, whereby the said property so levied upon and attached by virtue of said warrant of attachment, became duly charged in execution. That the said warrant of attachment, judgment, and execution remain in full force and wholly unsatisfied; and plaintiffs further aver, upon information and belief, that the other attachments in behalf of the defendants named still remain in said sheriff's hands wholly unsatisfied.

Plaintiffs further show that this action is brought in pursuance of the provisions of an act of the Legislature of the State of New York, entitled an Act to Simplify and Abridge the Practice, Pleadings, and Proceedings of the Courts of this State, passed April 12, 1848, and the acts amending the same.

Wherefore the plaintiffs demand judgment that the defendants George H. Stuart & Co., and the said partners constituting that firm, may be required to account to the said sheriff, as such sheriff, for all moneys and property in their hands or possession belonging to or in which said Shepherd & Moore had any interest at the time said several attachments were so issued or levied, or which may have come into their possession since the commencement of said actions or either of them; and that they may be required to deliver over the same on account of said attachments and execution, or so much thereof as may be sufficient to satisfy the said attachments and execution, and all costs and charges incurred in all of said actions, except the

action in favor of the defendants Peet, Hughes & Peet; that to the extent of the amounts claimed in said attachments, said defendant Chittenden be adjudged to have no claim upon or interest in said property, and that in case there shall prove to be a deficiency of such property for the payment of all of said amounts claimed in said attachments, that it may be ascertained and adjudged in this action which of the parties claiming under said attachments are entitled to priority, and in what order said priority shall be had; and that, in the event of such deficiency, the said defendants Peet, Hughes & Peet, as against the other claimants, shall be entitled to no priority; and that, in the event of such deficiency, the said defendants Peet, Hughes & Peet, as against the other claimants, shall be entitled to receive no part of said property or its proceeds under their said attachment, by reason of their having no cause of action against said defendants Shepherd & Moore, when their said attachment was so issued; and that plaintiffs may have such other or further order or relief as may be just, and that said defendants, George H. Stuart, David Stuart, Thomas Wallace, and David Dennison, may be adjudged to pay the costs of this action. [Signature.]

[Verification.]

The defendants Stuart & Co., Linder & Kinsley, and Butterfield & Jacobs demurred separately, but all specified the same grounds of demurrer, which were almost a literal copy of the grounds of demurrer named in section 144 of the Code.

The defendant Jewett, after the general demurrer, said specially: 1. That the cause of action is vested in the sheriff, in whose name the action should have been brought. 2. That Shepherd & Moore and the sheriff should have been made parties defendant, and that there was otherwise a defect of parties defendant. 3. That the sheriff should have been made plaintiff; and if not, then the defendants other than Stuart & Co., Chittenden, and Peets & Hughes, ought to have been made plaintiffs, unless they refused to join, and that there was otherwise a defect of parties plaintiff. 4. That there was an improper uniting of causes of action: the cause of action against Peets & Hughes not being properly connected with that against Stuart & Co.

The defendants Peets & Hughes demurred, on the grounds,—
1. That several causes of action had been improperly joined.
2. That there was no cause of action.   3. That the sheriff ought
to be made defendant.

The defendants Burnham, Plumb & Atwater put in the general demurrer for want of a cause of action.

*George W. Parsons*, for the plaintiffs.—I. It is clear that this action can be maintained upon the general principles governing equitable actions.

II. But sufficient authority as against defendants Stuart & Co. may be found in sections 237 and 238 of the Code.

III. The general objections in the demurrer of defendants Stuart & Co., Linder & Kinsley, Butterfield & Jacobs, as to defect of parties, cannot be considered, as such objections must state the defects specifically.   (Getty *a.* Hudson River R. R. Co., 8 *How. Pr.*, 177 ; Mitchell *a.* Lenox, 2 *Paige*, 280 ; Robinson *a.* Smith, 3 *Ib.*, 222 ; Dias *a.* Bouchaud, 10 *Ib.*, 445.) The same rule should be applied to the other more general grounds of demurrer.

IV. The sheriff is not a necessary party plaintiff or defendant.
1. Not plaintiff, as appears by sections 237 and 238 of the Code.
2. Not defendant, as he has no interest adverse to the plaintiff; and he is not a necessary party to a complete determination or settlement of the questions involved.   (*Code*, § 118.)   3. The sheriff is an officer of the court, and this action seeks to compel the delivery of money and property into his hands, as such officer, to be applied by him under the direction of the court.   He could not be defendant if he had brought the action, and we are substituted in his place as plaintiffs.   4. He is not interested in the priority of liens, and the law places his mere official interest in the collection of the money in our hands by allowing us to be substituted as plaintiffs.   (*Code*, § 238.)   5. All possible interests of the sheriff are properly represented by the various parties to the action.

V. Shepherd & Moore could not properly be made parties, as their interests in the property attached were assigned and transferred to the defendant Chittenden, and the attachments only affected that property.   1. So far as plaintiffs' claim is concerned, the only interest Shepherd & Moore could have,

viz., adjustment of the claim, was disposed of by the judgment they recovered. 2. The complaint does not seek to have any money or property applied until the judgments are all perfected: if in any of the original cases judgments are not recovered, all of Shepherd & Moore's rights will be adjusted in those actions.

VI. The defendants other than Stuart & Co., Chittenden, and Peets & Hughes, as well as those defendants, are properly made defendants instead of plaintiffs, because they are necessary parties to a complete determination or settlement of the questions involved in the action. (*Code,* § 118.) 1. They claim to have a lien upon the property attached. 2. They have no right to unite their claims with ours, without our permission, and embarrass our proceedings with any questions pertaining particularly to their rights or claims. 3. The rights of those defendants are sufficiently protected in this action without expense or trouble to them. 4. We could not have this property, thus incumbered with their liens, disposed of without bringing those parties before the court.

VII. Improper joinder of parties is not a defect or want of parties contemplated by the Code, and does not constitute the ground of demurrer. (Gregory *a.* Oaksmith, 12 *How. Pr.*, 34; Brownson *a.* Gifford, 8 *Ib.*, 389; N. Y. & N. H. R. R. Co. *a.* Schuyler, 17 *N. Y.*, 592; Peabody *a.* Washington County Mutual Ins. Co., 20 *Barb.*, 339.) If there is a good cause of action upon which a judgment may be rendered in favor of the plaintiffs against any of the defendants, this ground of demurrer must fail. (*Code,* § 274; Peabody *a.* Washington County Mutual Ins. Co., 20 *Barb.*, 339.) .

VIII. There have not been several causes of action improperly united. 1. There is but one cause of action stated,—*i. e.*, the recovery of money and property admitted to belong to the parties originally attached, admitted to be in the possession of defendants Stuart & Co., which they refuse to deliver, and it is sought to have the same paid and delivered over to the sheriff, to be applied on account of the various liens, under the direction of the court. 2. All other proceedings in the action are mere incidents to the main action or cause of action. 3. The principles which must settle this point are discussed and decided in the case of Morton *a.* Weil (11 *Abbotts' Pr.*, 421). (See, also,

Bailey a. Inglee, 2 *Paige*, 278 ; La Grange a. Merrill, 3 *Barb. Ch.*, 625.)

*Andrew Boardman*, for the defendants Stuart and others.— I. There is no excuse made for not joining as plaintiffs all such as are in like case with plaintiffs. (*Code*, § 119 ; also, §§ 117, 118 ; Habicht a. Pemberton, 4 *Sandf.*, 657 ; Bishop a. Edmiston, 13 *Abbotts' Pr.*, 346.)

II. By section 232, the Revised Statutes are made applicable. Sections 7 and 8, 2 Rev. Stat., 188, 4 ed. ; and sections 237 and 238, subd. 4, of the Code, show that the legal title to attached property is in the sheriff, and that the suits in respect thereto are to be brought in his name, and by him or under his direction. Now here the plaintiffs have no right of action. It is in the sheriff, yet the sheriff is not even made a party. It is possible, barely possible, that a right of action might accrue to the plaintiff if the sheriff had refused to do his duty, though even in that case the action should, I think, be against the sheriff, but here no default of the sheriff is alleged, no collusion or complicity. In any suit brought for the attached property the sheriff is a necessary party.

III. It appears that a suit is pending between the proper parties to determine whether Peet & Co. have or not a valid claim against Shepherd & Moore, and yet plaintiffs ask that that question be decided in this suit.

IV. This action cannot be maintained as an interpleader. The rights of the parties are legal rights, to be determined by the *order of time* in which the attachments were levied, and their proceeding to judgments thereon. There is no allegation to sustain a suit to determine the order of priority. There is no allegation to sustain the prayer as to Chittenden, for it is distinctly alleged that the assignment was after the attachment, and no averment that Chittenden claims the fact to be otherwise.

V. For any loss to the plaintiff by reason of improper conduct on the part of the sheriff, the sheriff is liable. (Ransom a. Halcott, 18 *Barb.*, 56.) The return of sheriff as to priority is conclusive. (Learned a. Vandenburgh, 7 *How. Pr.*, 379 ; affirmed, 8 *Id.*, 77.) It seems to me clear that the defendants Stuart & Co. ought to demur to the complaint. The judgment

in this suit would *be no bar to a suit by the sheriff*, who would be *no party to it, and not bound by the accounting*. Besides, plaintiff does not show that he has obtained any authority from the sheriff.

*Charles A. Nichols*, for defendants Peets & Hughes.—I. The first objection is, that the plaintiffs show no cause of action. They have not necessarily any interest in the subject of the action. The sheriff is entitled to seize all the property of Shepherd & Moore, and is required to appropriate it in a manner as to which this complaint gives no information. 1. *Non constat* but what there are prior attachments to those mentioned in the complaint more than sufficient to absorb all the funds. 2. *Non constat* that Shepherd & Moore have not given bonds and discharged the attachment. 3. The plaintiff is a mere volunteer. The sheriff alone has the right of action, and his right is to call for property covering all his attachments.

II. The second objection is, that the plaintiff has improperly joined two causes of action essentially different and not relating to the same subject-matter. The one cause of action is the failure of the defendant Stuart to deliver to the sheriff the property in his hands belonging to Shepherd & Moore. To this action no parties were necessary except Stuart and the sheriff, or the sheriff's representatives. It is a common-law action, based simply upon the sheriff's title, and the defendant's refusal to deliver or account, as the case may be. The second cause of action has no relation to the first and is insufficient as well. It is that the defendant Peet has a lien by attachment upon the same property. This lien, whether good or bad, does not at all affect the plaintiffs' right to call in behalf of the sheriff for the property of Shepherd & Moore. The application of this property is to be determined by other proceedings, and it is manifestly improper to ask in this action to override or annul the judgment which may be obtained in another. These causes of action do not arise out of the same transaction or transactions connected with the same subject of action. This provision of the Code is held not to vary the old rules in regard to multifariousness in pleading. Under these rules it has been held that a plaintiff who joins several defendants having separate interests, and claiming different rights, must show a state of

facts which, by proving the plaintiff's title, necessarily disposes of the adverse claims of all the, defendants. (N. Y. & N. H. R. R. Co. *a.* Schuyler, 7 *Abbotts' Pr.*, 41; *Story's Eq. Pl.*, § 533; Fellows *a.* Fellows, 4 *Cow.*, 682.)

III. The third objection is, that there is a non-joinder of parties, neither the sheriff of the city and county of New York, nor Shepherd & Moore, being made parties to the action. If this action is in the nature of an action to dispose of a particular fund, and to determine the right of all the parties thereto (and it cannot be sustained upon any other theory), the sheriff who is vested with rights in this property by virtue of attachments and judgments in which he represents various persons, is certainly a party interested in the disposition of the fund, and therefore by section 144 the complaint is demurrable. This cannot be an action in which the plaintiff under the Code or otherwise simply represents the sheriff, for, 1. There is no statement of filing the bond directing plaintiff to sue in place of sheriff, as required by the Code, § 238. 2. The sheriff would only set out the warrants of attachment giving him the title: he would set out his whole title, and show how much he claimed: he could not ask for any adjudication that one of the attachments under which he acted should be vacated or postponed, or priorities settled. He would have no interest in so doing, nor is there any thing entitling the plaintiff to ask the postponement of any apparent lien to his own lien. He does not show that his security is endangered by the lien of defendants Peet & Co., he has no interest in it in any other way. Nor while he states that the lien in question is now litigated and is to be adjudicated, does he pretend that there is any collusion between plaintiff and defendant that will endanger his rights.

*Devlin & Miller*, for defendants Burnham and others.

ALLEN, J.—Recent statutory enactments have given a very wide scope to attachments, and executions upon judgments following attachments, against the property of the debtor. The sheriff is authorized to seize not only tangible property, but also money, choses in action, and evidences of debt. (*Code*, §§ 231, 234, 237.)

By the service of the attachment upon Stuart & Co., the

plaintiffs acquired a provisional lien upon the property and credits of the debtors, in their possession, which lien was established and made absolute by the recovery of the judgment. The judgment established the right of the plaintiffs to the satisfaction of their debt from the attached property of the debtor.

The execution is but a continuance of the attachment-lien, with authority to the sheriff to convert the assets levied upon into money, in the mode prescribed by law, and apply the same in satisfaction of the final judgment. But the controversy of of the trustees or parties prevents the execution of the final process of the court. Their refusal to deliver to the plaintiffs the property and choses in action of, the debtor in their possession and under their control, or to make a statement and account thereof as required by law (*Code*, § 236), is an obstacle in the way of the sheriff in the performance of his duty, and presents an insuperable obstacle, if persisted in, in the way of the plaintiffs, in the recovery of their judgment. It is the province of a court of equity to act in aid of courts of law, and remove obstacles to the execution of its powers. It will enforce and give aid to the enforcement and satisfaction of liens in a manner unknown at law, and will enforce the security of a judgment-creditor against the equitable interest of the debtor in a freehold estate, treating the judgment as in the nature of a lien upon such equitable interest. (*Story Eq. Jur.*, §§ 1216–1216 *b.*)

But to entitle the judgment-creditor to the relief in equity, he must sue out an execution or other process, as if the property and interest sought to be reached was tangible and could be reached by process of law. Thus, a judgment-creditor who desires to enforce his remedy against his debtor's equitable interest in freehold estate, by bill in equity, must first sue out an *elegit*. (Mate *a.* Duke of Marlborough, 3 *Mylne & Craig*, 407; North Am. Fire Ins. Co. *a.* Graham, 5 *Sandf.*, 197.)

In Spear *a.* Wardell (1 *Comst.*, 144), a lien acquired by a creditor, by a proceeding under the Non-imprisonment Act, was enforced in equity, although no execution had been issued upon the judgment against the debtor; and in Falconer *a.* Freeman (4 *Sandf. Ch.*, 565), a specific lien which a creditor had obtained by attachment against his debtor, as an absconding debtor, and which was obstructed by fraudulent transfers, was enforced for the benefit of all the creditors, without preference,

the same as if judgment and execution had been obtained; and in Angel a. Draper (1 *Kern.*, 399), it was held that, to reach property of the debtor, not subject to levy, the creditor must first exhaust his remedy at law, by the return of an execution *nulla bona;* but to subject property to the execution, which is the proper subject of a levy, but which cannot be reached by reason of some obstruction interposed, fraudulently or otherwise, the execution should be issued, and then the bill in equity comes in aid of it.

That is precisely this case. The execution is a lien upon the assets and choses in action in the possession of Stuart & Co.; but that lien cannot be enforced without the intervention of the court, in the exercise of its equitable powers, by reason of the wrongful act of the bailees in withholding the statement and account required of them by law, and refusing to deliver the property to the sheriff.

The plaintiffs are the proper parties to bring the action, as they are the parties in interest, and the only parties that could bring an action, except as authorized by the Code. But for the provisions of the Code, the sheriff could not have maintained an action, and it is not necessary to decide whether he could bring an action against Stuart & Co., to recover from them the notes and other claims in action held by them. Had he been able to get possession of notes or other claims in action, he could sue them under the fourth subdivision of section 237; but whether he could file a bill of discovery, or sue the bailees for non-delivery of the notes, is more questionable.

But it is sufficient to say that, be this as it may, neither the authority given to the sheriff, or the privilege of examination, for the purpose of discovery, given by section 236 of the Code, deprives creditors of their well-established right to enforce their lien acquired under attachment and execution, by a suit in equity. At most the remedies given by the Code in the name of the sheriff are merely cumulative and designed to give a more summary process in cases where it can be made effectual.

The plaintiffs do show a good cause of action against Stuart & Co., as bailees, and Chittenden & Co., as the general owners, of the property subject to the liens, and make a case entitling them to the relief sought. The lien of the execution cannot be enforced in any other way than by an action in this form.

The sheriff is not a necessary and proper party to the action. He is but the servant of the court, to execute its process and carry out its decrees; whenever, by means of the judgment in this action, the property equitably bound by the execution in his hands comes to his possession, he is but the minister of the court to apply it in obedience to its process and order. He has no interest, and can have none. He may sometimes represent suitors and judgment-creditors in actions; but when creditors have a standing in court and are parties to the record to assert their own rights and protect their own interests, the ministerial officer of the court is an improper party. There are cases in which either a bailee, or general owner, or an agent, or his principal, may bring an action, but the bailee or agent could not be joined with the general owner or principal.

The sheriff only claims as representing the creditors, and as they appear in person, their interests will be protected without his intervention.

The demurrers for defect of parties are all defective, as not specifying the particular defect, with the single exception of the demurrer of the defendant Albert Jewett; and as there was no appearance in his behalf, it is not necessary to consider that. But upon any view I have been able to take of the objections made or taken by the counsel for the other defendants, or the objections formally taken by Jewett, I am unable to discover any force in them. The sheriff, as we have seen, is not only not a necessary party, but would have been an improper party. The judgment-debtors Shepherd & Moore, are not necessary parties, for the reason—1st, That the plaintiffs' rights as against them and the property is established by the final judgment of this court; and 2d, That they have, since the attachments, assigned and transferred their interest in the property to Chittenden, who is a party defendant, and they have no claim to, or interest in the property, or any part of it, and could not be heard to question the validity of the lien, or contest the plaintiffs' claim to the property.

The other attaching creditors were not only proper but necessary parties.

Had the plaintiffs brought their action, asserting their lien under their attachment and execution, it would have been a valid objection by Stuart & Co., the bailees and trustees, that

the other parties had attached the property and claimed it under a prior and paramount lien.

Their presence is necessary to a complete determination and settlement of the questions involved in the action. (*Code*, § 118.)

The plaintiffs are not entitled to the satisfaction of their judgment out of the attached fund until the other claims are set aside or provided for, which can only be done in an action to which they are parties. Neither were the plaintiffs bound to make them co-plaintiffs with them. They were not necessarily in the same interest, and their attempt to embarrass and delay the action by dilatory demurrers, shows very clearly that they have not a common interest with the plaintiffs in the relief demanded.

They are brought in as parties in fact and in name, and may avail themselves of the action to secure the relief to which they are entitled, or may disclaim, as to them shall seem best; but the plaintiffs are entitled to the relief sought, and could only get it in an action to which they were parties. There is but one cause of action, and that is by the plaintiffs to recover their debt from property which Stuart & Co. refuse to subject to the process of the court, and upon which other parties claim to have liens, and the title of the plaintiffs must necessarily be settled in one action. They could not maintain an action against Stuart & Co., another against Chittenden, and another against Peet, Hughes & Peet, although each of these parties may claim under a title distinct from and adverse to each of the others. (Bailey *a.* Inglee, 2 *Paige*, 278; La Grange *a.* Merrill, 3 *Barb. Ch.*, 625.)

Judgment must be given for the plaintiffs, with leave to the defendants George H. Stuart, David Stuart, Thomas Wallace, David Dennison, Frederick T. Peet, George H. Hughes, and William C. Peet, to answer within twenty days on payment of the costs of the demurrer. As the claims of the other defendants are not controverted, they need not answer. They will be protected by the judgment in this action.