# Walser and others *v*. Seligman and others.

*(Circuit Court, S. D. New York.* September 7, 1882.)

**1. EQUITY—SUIT ON BEHALF OF CREDITORS AND STOCKHOLDERS.**

Creditors and stockholders of an insolvent non-resident corporation may unite in a suit in behalf of themselves and other creditors and stockholders, to enforce the liability of holders of unpaid shares of the capital stock of such corporation without making the non-resident corporation a party.

**2. SAME—AUXILIARY JURISDICTION.**

Where stockholders are indebted to the corporation on stock subscriptions, the sum due may be reached by a creditor's bill; and where, by any dealings between the corporation and its stockholders the capital stock which is a fund for the payment of its debts is wrongfully diverted, a creditor can reach it. The court of equity assists him, not in the exercise of its jurisdiction over trusts, but in the exercise of its auxiliary jurisdiction in behalf of creditors.

**3. SAME—CREDITOR'S BILL.**

It is only when the remedy at law has been exhausted that a creditor acquires the right to follow the property of a debtor in the hands of his trustee, and a relaxation of the strict rule requiring a creditor to exhaust his legal remedy before resorting to a creditor's bill will not be justified by the fact of the insolvency of the debtor, or that the debtor has no leviable property.

**4. SAME—CREDITORS AT LARGE.**

Where some of the creditors only had recovered judgments in the state courts where such non-resident corporation existed, and had issued execution thereon which were returned unsatisfied, the suit will be treated as a creditor's bill, and the complainants as creditors at large.

**5. FORCE AND OPERATION OF FOREIGN JUDGMENTS.**

Judgments obtained in another state are in this state only contract debts, and do not authorize the exercise of auxiliary jurisdiction. They do not have the force and operation of domestic judgments, except for purposes of evidence.

*Geo. B. Newell,* for complainants.

*Evarts, Southmayd & Choate,* for respondents.

WALLACE, C. J. This bill must be dismissed, because the complainants have not exhausted their remedy by legal process, a point which was not presented or considered when this cause was before my predecessor in this court upon demurrer. The complainants are creditors and stockholders of the Memphis, Carthage & Northwestern Railroad Company, a corporation organized under the laws of the states of Missouri and Kansas, and file this bill in behalf of themselves and all other creditors and stockholders who may desire to join, to enforce a liability of the defendants as holders of 60,000 shares of unpaid capital stock of the corporation. The corporation is not made a party to the suit, but its presence can be dispensed with and adequate relief granted in its absence, as it has not such

an interest in the subject of the suit that a decree without prejudice to its rights cannot be made. Sufficient reasons for not making it a party are found in the fact that it is beyond the jurisdiction of this court, and also in the fact that it is practically defunct. And it is only because the corporation is practically defunct and insolvent that any doubt arises upon the turning point in the case.

Although the stockholders may have been properly joined with the creditors, complainants as proper parties to the suit, the suit is nevertheless a creditor's suit to reach assets of the corporation. Where stockholders are indebted to the corporation for stock subscribed for and not paid in, the sum due may be reached by a creditor's bill, as debts due an ordinary debtor may be reached. Where, by any dealings between the corporation and its stockholders, the capital stock, which is a fund for the payment of its debts, is wrongfully diverted, a creditor can reach it upon the same theory that he can pursue the property of an ordinary debtor transferred in fraud of creditors. A court of equity assists him, not in the exercise of its jurisdiction over trusts, but in the exercise of its auxiliary jurisdiction in behalf of creditors. Such assets as are pursued here are commonly spoken of in the books as a trust fund for the creditors of the corporation, and they are such in the sense that a court of equity will lay hold of them and impress them with a trust in favor of creditors. So the property of copartnership is, in equity, a trust fund for the payment of the creditors, but it has never been supposed that the creditors could resort to equity to reach the property when there has been a wrongful disposition of the assets, until the remedy at law has been exhausted. *Egberts* v. *Wood,* 3 Paige, 517; *Dunlevy* v. *Tallmadge,* 32 N. Y. 457. It is only when the remedy at law has been exhausted that a creditor acquires a right to follow the property of a debtor in the hands of his trustee. *McDermutt.* v. *Strong,* 4 Johns. Ch. 687; *Spader* v. *Davis,* 5 Johns. Ch. 280; *Jones* v. *Green,* 1 Wall. 330.

In all the adjudicated cases which have met my observation, except two,—and the books abound with precedents,—suits like the present have been founded upon judgments at law and unsatisfied executions. In *Wood* v. *Dummer,* 3 Mason, 308, the action was sustained in favor of creditors at large, but the point was not considered; and in that case the corporation debtor had ceased to exist by the expiration of its charter. In *Bank of St. Marys* v. *St. John,* 25 Ala. 566, jurisdiction was asserted upon the ground of trust; but the peculiar facts were such that it was not necessary to place the decision on this ground.

There are numerous cases where creditors have been permitted to resort to equity in the first instance to enforce a statutory liability of stockholders, but these were cases where the statute authorized a direct action, and the question has generally been whether a court of law or of equity was the proper forum. These cases, of course, have no application here.

Treating the suit as a creditor's bill, the complainants in this case are merely creditors at large. True, some of them have recovered judgments and issued executions which have been returned unsatisfied against the corporation in the state courts of Missouri; but such judgments here are only contract debts, and do not authorize the exercise of auxiliary jurisdiction. *Claflin* v. *McDermott,* 12 FED. REP. 375; *Tarbell* v. *Griggs,* 3 Paige, 207. They do not have the force and operation here of domestic judgments, except for the purposes of evidence. *McElmoyle* v. *Cohen,* 13 Pet. 312.

The more doubtful question is whether the insolvency of the corporation, and the fact that it has surrendered all its property and franchises, and ceased to exercise its functions, does not dispense with the necessity of pursuing it at law. By the decisions of the courts of Missouri it is practically dissolved, (*Moore* v. *Whitcomb,* 48 Mo. 543; *State Savings Ins.* v. *Kellogg,* 52 Mo. 583; *Perry* v. *Turner,* 55 Mo. 418;) and certainly it can have no more vitality here than it has in the sovereignty that created it, and from which it cannot migrate.

On the other hand it cannot be doubted that a corporation is capable of being sued until it is formally dissolved, and it will not be seriously contended that the futility of the proceeding will justify a relaxation of the strict rule requiring the creditor to exhaust his legal remedy. It does not follow because a corporation is so far *in nubibus* that it need not be made a party to an action that a creditor will be excused from pursuing it at law before resorting to a creditor's bill.. If a creditor's bill can be maintained in this jurisdiction whenever it appears that the debtor has no leviable property, and like this corporation, is moribund, it can be also when the debtor is shown to be beyond the reach of the process of the court. It would doubtless be convenient for creditors in many instances if they were permitted to maintain a creditor's bill upon such a theory, but in the absence of legislation, or any satisfactory precedent, the right to do so cannot be recognized.

The bill is accordingly dismissed.