Fogg v. St. Louis, H. & K. R. Co. and another.[1]

(Circuit Court, E. D. Missouri. September 24, 1883.)

1. EQUITY—LIMITATIONS.
    Although courts of equity, as a general rule, follow the statute of limitations, they do not do so when manifest wrong and injustice would result.

2. SAME—LACHES—CORPORATIONS.
    Where a corporation conveyed all its assets, except its corporate franchise, to another corporation, and the latter assumed all the grantor's debts and took possession of its assets, and subsequently a creditor of the grantor, whose demand had accrued before said conveyance was executed, and was not yet barred by the statute of limitations, brought suit at law against said grantor, recovered judgment, and had an execution issued, which was returned *nulla bona*, and promptly after said return was made, but more than 10 years after the original demand accrued, instituted proceedings in equity against his judgment creditor and its said grantee to force the latter to pay his demand, *held*, that the claim was neither barred by laches nor the statute of limitations.

In Equity. Exceptions to so much of the answer as set up against plaintiff's demand a bar by force of the statute of limitations and of complainant's laches. The defendants are the St. Louis, Hannibal & Keokuk Railroad Company and the St. Louis & Keokuk Railroad Company.

*George D. Reynolds* and *James Carr*, for plaintiff.

*Smith & Harrison*, for defendants.

TREAT, J. The only facts disclosed which are essential to the present inquiry are that prior to May 4, 1870, the plaintiff's demand against the second corporation named was in existence, and could have been pursued and enforced; that no suit was brought on said demand until September 21, 1881; that judgment was recovered in said suit on said demand at law on October 3, 1882; that execution thereon was duly issued and return of *nulla bona* made, March 19, 1883; that on March 4, 1873, the last-named corporation, to-wit, the St. Louis & Keokuk Railroad Company, conveyed to the other defendant corporation all its property and franchises, the latter assuming all the debts, liabilities, and obligations theretofore made or incurred by or legally imposed upon the said St. Louis & Keokuk Railroad Company, for right of way, station grounds, ties, or bridging, and other good and valuable considerations in said conveyance mentioned; that under said conveyance the first-named corporation entered into possession without knowledge of plaintiff's claim, which is alleged to be on a construction account. This suit was commenced May 3, 1883.

There are many other averments and denials looking to possible aspects of the controversy which need not be now noticed. It clearly appears that the last-named corporation conveyed to the former all of its assets and franchises (except its franchise of corporate existence) on March 4, 1873, on the terms stated, and that the latter took

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

possession accordingly, and has enjoyed the same ever since.    Under the admitted facts it seems that the grantee assumed all the liabilities of the grantor; but, if that be not so, by the express terms of the conveyance there was devolved on it, in equity, the payment of plaintiff's demand, when established.    When one corporation conveys to another all of its assets and franchises, and the latter becomes thereby substantially, if not formally, the legal or equitable successor of the former, it must be held to take *cum onere*.    A full consideration of the questions involved in said conveyance might show that it was *ultra vires*, (*Thomas* v. *Railroad Co.* 101 U. S. 71;) but if so, it has been executed, and, so far as the parties thereto are concerned, their respective obligations thereunder, as between themselves, will be permitted to stand.    As to third persons, creditors of the grantor, said conveyance may be fraudulent and void.    However that may be, it still remains to consider whether, under the facts and circumstances stated, the plaintiff has lost his right to pursue the grantee, through laches or lapse of time.

The general rule is not disputed that courts of equity will follow statutes of limitations in other than exceptional cases, and that creditors at large must reduce their claims to judgment, and have executions issued thereon and returned *nulla bona*, before they have any standing in equity.    This follows from the principle recognized by the statutes of the United States, that no case is cognizable in equity when the plaintiff has an adequate and complete remedy at law. Judgment and a fruitless execution furnish the proper evidence that the plaintiff is remediless at law.    True, a bill in equity may be upheld for a creditor at large where it shows that the plaintiff's demand rests on a lien or trust, or that an obstruction to his remedy exists which can be removed only by a decree in equity, and that a suit at law would be wholly unavailing.

The cases especially referred to and urged upon the attention of the court are those in 99 and 101 U. S., (*Case* v. *Beauregard*, 119 and 688.) Under the rulings of those cases it is contended that the plaintiff here could, in March, 1873, have maintained his suit in equity against the first-named defendant, and hence, within the meaning of the statutes of limitations, his cause of action against the first corporation named herein should be held to have then accrued, and to have been barred in law and equity at the commencement of this suit, May 3, 1883.    On the other hand, it is urged that, inasmuch as the general rule in equity required plaintiff's demand to be first reduced to judgment, whereby a judgment lien would be created and a return of *nulla bona* to follow, the plaintiff's cause of action in equity did not accrue before said judgment had at law, and return of *nulla bona*.

Justice STORY, in his Equity Jurisprudence, § 2121, says that the general rule is that the cause of action accrues when the party might bring suit.    If such were the universal rule it would be necessary to

determine whether the plaintiff could have brought this suit before he had reduced his claim at large to judgment. Each case, however, is presented to the chancellor on its own facts and circumstances; and often a demand is held stale where not pursued within a period of time short of that fixed by statute, or held not barred, although at law the statute of limitations would prevail. Although courts of equity, as a general rule, follow the statute of limitations, they do not so do when manifest wrong and injustice would be wrought.

In the case now before the court it is probable that if the plaintiff had entered upon the doubtful ground as to such cases in equity by filing his bill in 1873, being a creditor at large, and the court had held that it had jurisdiction, it would have found an issue for a jury to first determine the validity of the demand, whereby like delay would have ensued. Still, such a proceeding would then have brought home to the defendant notice that such a claim existed.

The ordinary and safer course has been pursued by first reducing the demand to judgment and exhausting the remedies at law, and then filing a bill in equity promptly thereafter. In so doing no laches to bar this action can be imputed to the plaintiff; nor can it be held that he is within the bar of the statute of limitations. Presumably the original claim on which judgment was rendered could not have existed so early as stated, otherwise the action at law would have been barred by the statute.

There are many averments and issues as to ancillary matters touching this question, which, if a different conclusion had been reached on the general facts herein stated, might have requ'red full consideration; such as, the circumstances under which the conveyance was made and its purpose with reference to creditors, the consideration therefor, the relation of the two corporations to each other or their practical identity, etc. It must suffice that independent of such inquiries the bar set up in the answer cannot be upheld, and the exceptions must be sustained.

McCRARY, J., concurs.