### KITTEL v. AUGUSTA, T. & G. R. CO. et al.

#### (Circuit Court, S. D. New York. January 31, 1895.)

1. CREDITORS' BILL—SUFFICIENCY OF ALLEGATION OF FRAUD.

A creditors' bill alleged that plaintiff was a judgment creditor of the A. Ry. Co.; that one C. was a director of the company, and owner of practically all its stock; that the railway company, before the entry of plaintiff's judgment, suffered a judgment by default to be entered against it in favor of C. for a pretended claim; that C. knew of plaintiff's claim; that no debt was due from the railway company to C.; that C. procured certain real and personal property of the railway company to be levied on, under his judgment, and conveyed through third parties to another railway company, which he organized, and of which he was president and chief owner; and that all these acts were done by the railway company and C. with the intent to defraud plaintiff. *Held*, that the bill sufficiently alleged fraud on the part of defendants.

2. SAME—MARSHAL'S RETURN ON EXECUTION.

The bill further alleged that the marshal had made return to the execution on plaintiff's judgment, after search, "that there are no goods and chattels, belonging to the A. Ry. Co., subject to levy, within the district of F." The laws of the state within which the district lay provided that execution could be levied on real property, equities of redemption, and stock in corporations, as well as on goods and chattels. *Held*, that the allegations of the bill failed to show the return of an execution unsatisfied.

3. SAME—EXHAUSTION OF REMEDY AT LAW.

The bill did not allege that the defendant corporation was insolvent, nor that, at the time of the suit and execution, it had no property, nor that the land conveyed was all the land owned by it, nor that the marshal made any attempt to find or levy on lands, equities of redemption, or stocks. *Held* that, in the absence of these averments, it did not appear that plaintiff had exhausted his remedies at law.

This was a creditors' bill by Joseph J. Kittel against the Augusta, Tallahassee & Gulf Railroad Company, William Clark, and others. Defendants demurred to the bill.

Hoaley, Hasbrouck & Schloeder, for complainant.
C. B. Meyer, for defendants.

TOWNSEND, District Judge. Demurrer to a creditors' bill. The bill alleges that complainant is a judgment creditor of the defendant the Augusta, Tallahassee & Gulf Railroad Company; that, during the acts herein complained of, the defendant William Clark was a director of said defendant corporation, and the owner of practically all its stock; that, prior to the entry of said judgment, said corporation, being the owner of certain real and personal property, suffered a judgment by default to be entered against it in favor of said defendant Clark, for a pretended claim; that he, as director of said corporation, knew of complainant's debt; and that said judgment was collusively and fraudulently entered against the rights of complainant, with a view to defeating such right as he might acquire by virtue of a judgment. The bill further alleges execution, levy, and sale of said property, under said judgment, for $100,000, to one William Clark, trustee, and certain associates, acting wholly in the interest of the defendant Clark and as his agents, with a view to securing a title to said property through said collusion, free of the debts due by said defendant corporation; the receipt of the $100,000 by said Clark; the organization by him of the Carrabelle, Tallahassee & Georgia Railroad Company, of which he became president, a director, and the practical owner; the transfer of said property to the said latter corporation, and its knowledge of said infirmity of title; and that all of said transactions were fraudulently procured and done by said defendants for the purpose of covering up said property, and with the design and intention of defrauding complainant and other creditors of their debts; and that said defendant the Augusta, Tallahassee & Gulf Railroad Company was not indebted to said defendant Clark in said sum of $432,228.42, or in any like sum. The bill prays that said judgment and proceedings thereunder be vacated, or that said amount of $100,000 be declared the property of said the Augusta, Tallahassee & Gulf Railroad Company, and subject to the payment of complainant's claim, and for an injunction, the appointment of a receiver, and for general relief.

Nine causes of demurrer are assigned. The points chiefly pressed thereunder by counsel are the following:

"It does not appear by the bill of complaint that either of the defendants has been guilty of any fraud or collusion or any unlawful act." "The suit being in the nature of a creditors' bill, the complainant, before he is entitled to the interposition of a court of equity, must show he has exhausted his remedy at law."

In support of the first point, counsel claims that the allegations of fraud and collusion in the bill are mere conclusions of law, not supported by allegations of fact. If this is so, the bill is demurrable. Fogg v. Blair, 139 U. S. 118, 11 Sup. Ct. 476; Preston v. Smith, 26 Fed. 884. Irrespective of the qualifying words, "fraudulently and collusively," the facts admitted by the demurrer show that a director and virtual owner of one railway corporation, by means of a judgment in his favor for an amount not due from said corporation,

has transferred its property to another corporation, of which he was the president and virtual owner, in order to secure to himself a preference over other creditors, and for the purpose of covering up said property, and defrauding the complainant of the collection of his debt, and with the design and intention of cheating and defrauding the complainant and other creditors. Whatever may have been the view in some of the state courts; it is settled by repeated decisions of the federal courts that directors of corporations are trustees, not only for the stockholders, but for the creditors, and that they can not so dispose of the corporate property for their individual benefit as to obtain a preference over general creditors. Walser v. Seligman, 13 Fed. 415; Consolidated Tank Line Co. v. Kansas City Varnish Co., 45 Fed. 7; Farmers' Loan & Trust Co. v. San Diego St. Car Co., Id. 518; Drury v. Cross, 7 Wall. 299. It further appears that said sale covers all the construction plant, tools, and construction material belonging to said corporation. In such circumstances, a creditor cannot dissever from the franchise property essential to its useful existence. Gue v. Canal Co., 24 How. 257; Hibernia Ins. Co. v. St. Louis & N. O. Transp. Co., 13 Fed. 516.

The statement herein of the specific acts complained of, coupled with the allegation that they were done with intent to defraud, is sufficient, under the cases cited by counsel on each side. There is a clear distinction between the allegation that an act was fraudulently done and the allegation that it was done with intent to defraud. The former is treated as a conclusion of law; the latter as a question of fact. Bank v. Reed (Com. Pl. N. Y.) 12 N. Y. Supp. 920, 27 Abb. N. C. 5, and note; Drury v. Cross, supra; Kain v. Larkin (N. Y. App.) 30 N. E. 105; Wilkinson v. Bauerle, 41 N. J. Eq. 635, 7 Atl. 514; Garrett v. Plow Co., 70 Iowa, 697, 29 N. W. 395.

In support of the second point, respondent claims that the bill does not show either that the execution was returned unsatisfied, or that it could not have been satisfied. The return of the marshal, as alleged in the bill, was as follows:

"Received the within writ of execution on the 18th day of March, 1893, and, after making search, I make return that there are no goods and chattels belonging to the Augusta, Tallahassee & Gulf Railroad Company subject to levy within the district of Florida."

The first question is whether this return shows an execution unsatisfied. The cases on this subject generally hold that there should be a return of "nulla bona." Upon such return to a fieri facias, the judgment creditor might bring a bill, under the English chancery practice, against the defendant for a discovery of goods or personal effects. Trust Co. v. Earle, 110 U. S. 710, 714, 4 Sup. Ct. 226.

United States equity rule 90 provides as follows:

"In all cases where the rules prescribed by this court or by the circuit court do not apply, the practice of the circuit court shall be regulated by the present practice of the high court of chancery in England, so far as the same may reasonably be applied consistently with the local circumstances and local conveniences of the district where the court is held, not as positive rules, but as furnishing just analogies to regulate the practice."

In this case the creditor seeks to reach both real and personal effects of defendant. If it be assumed that the return, "No goods

and chattels subject to levy," is the equivalent of nulla bona, the question arises whether a return sufficient as to personalty, under the English chancery practice, is sufficient in this court. Section 1190 of the Statutes of Florida (Revision 1892), provides that "lands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporation shall be subject to levy and sale under execution." In these circumstances, if an unsatisfied execution is a condition precedent to the maintenance of a creditors' bill, in this case, the English rule cannot reasonably be applied consistently with the local circumstances and local conveniences of the United States circuit court for the Northern district of Florida. Said court having commanded said marshal to levy upon the "goods, chattels, equities of redemption, lands and tenements," the return should show that no such property could be found upon which such levy could be made. McElwain v. Willis, 9 Wend. 548. The return of "no goods and chattels" does not show that other property could not have been found to satisfy the execution. In re Remington, 7 Wis. 643. I think the allegations of the bill fail to show a compliance with the requirements as to a return of an unsatisfied execution.

The further question, whether a return of the execution unsatisfied is essential to the maintenance of the bill, is one as to which the authorities are in conflict. The general rule is to the effect that, before such a suit can be brought to reach choses in action and personal property, a return of nulla bona must have been made upon the execution. 3 Pom. Eq. Jur. § 1415, note, and cases cited; Beck v. Burdett, 1 Paige, 305. When real property, which would be subject to levy if it stood in the debtor's name, has been fraudulently conveyed, it is necessary, in order to clear the title, to take out execution, but not to have the writ returned unsatisfied. In such a case the creditor does not acquire a lien, strictly speaking, by the judgment alone, but by virtue of the execution founded thereon he acquires a right to obtain possession, which is in the nature of a specific lien, attaching to, or an interest in, the property, or of a trust in his favor, by means of which he may remove the fraudulent or inequitable obstruction. Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712; Neate v. Duke of Marlborough, 3 Mylne & C. 407. As a levy in a suit at law would be unavailing, the ground of the equitable jurisdiction is merely to aid the legal right by removing the obstruction. Case v. Beauregard, 101 U. S. 688; Trust Co. v. Earle, supra; Crippen v. Hudson, 13 N. Y. 161; Fogg v. Railroad Co., 17 Fed. 871; U. S. v. Ingate, 48 Fed. 251; 4 Am. & Eng. Enc. Law, 275; McElwain v. Willis, supra; Beck v. Burdett, supra; Geery v. Geery, 63 N. Y. 252. In such cases the bill, coming in aid of the execution, enables the creditor to obtain a full price for the property. Jones v. Green, 1 Wall. 330; Skinner v. Stuart, 13 Abb. Pr. 442. When legal assets of the debtor have been fraudulently transferred, the foundation of the equitable jurisdiction is the specific right or equity in the property. This jurisdiction attaches, in cases of fraud, in aid of the legal right. Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977; Scott v. Neely, supra. In such cases it is sufficient if the execu-

tion upon the judgment is either unsatisfied, or, after action brought in its aid, that it be outstanding. Skinner v. Stuart, supra; Beck v. Burdett, supra. The return of an unsatisfied execution is necessary in cases where it is sought to reach choses in action, avails of the property fraudulently conveyed, or equitable assets, or where there is a statutory requirement to that effect. Case v. Beauregard, supra; Terry v. Anderson, 95 U. S. 628; Van Weel v. Winston, 115 U. S. 245, 6 Sup. Ct. 22; Cates v. Allen, supra; Adsit v. Butler, 87 N. Y. 587; Geery v. Geery, supra; Dunlevy v. Tallmadge, 32 N. Y. 457; Tube Works Co. v. Ballou, 146 U. S. 517, 13 Sup. Ct. 165. It is only where the remedy at law has been exhausted that a creditor acquires a right to follow the avails of property of a debtor in the hands of his trustee. Walser v. Seligman, supra. The questions involved herein, and the previous decisions thereon, are considered and discussed in the opinion of the supreme court of the United States in Hollins v. Iron Co., 150 U. S. 371, 14 Sup. Ct. 127. In this case, so far as the bill seeks to reach the fund of $100,000, it should allege an unsatisfied execution. Taylor v. Bowker, 111 U. S. 110, 4 Sup. Ct. 397. Such return, however, is not a condition precedent to the maintenance of this suit nor to the grant of other relief. But, in order to invoke the aid of a court of equity, it must appear that the fraudulent obstruction prevents the judgment creditor from obtaining satisfaction of his claim. "The foundation upon which these and many other similar cases rest, is that the judgment and fruitless executions are not necessary to show that the creditor has no adequate legal remedy." A judgment and fruitless execution are merely matters of evidence to show that the creditor is remediless at law. Case v. Beauregard, supra. The rule is a familiar one that a court of equity will not entertain a case for relief where the complainant has an adequate legal remedy. The complaining party must show, therefore, that he has done all he could do at law to obtain his rights. Adsit v. Butler, supra, and cases cited; 4 Am. & Eng. Enc. Law, 575, and cases cited; Dunlevy v. Tallmadge, supra; Geery v. Geery, supra; Jones v. Green, supra. In the present case the bill neither alleges the insolvency of the defendant, nor that at the date of the suit or execution he had no property. It does not appear that the land conveyed by said corporation was all the land owned by it, nor that the marshal made any attempt to find or levy on any lands, equities of redemption, or stock, as commanded in said writ. The absence of these averments is fatal. It does not appear that said conveyances have prevented the satisfaction of the judgment. Crippen v. Hudson, supra; McElwain v. Willis, supra. The demurrer is sustained, with leave to amend within 20 days after the entry of the order.