## NEW YORK SUPERIOR COURT.

MATILDA C. GRAY, administratrix, &c. agt. JOHN COOK, JR., administrator, &c.

An order or decree of the court, entered after trial on a reference, that the plaintiff have judgment for a certain amount against the defendant as administrator, and that he pay said moneys into court, *to await the further order of the court, and to be distributed according to law,* is a *final judgment* against the defendant as between the parties.

The defendant may be proceeded against upon such judgment by *execution* to collect such moneys, under § 285 of the Code; but a proceeding by an order, as for a *contempt* and *attachment* against him, is *unauthorized.*

Where a copy of a decree or judgment, for the payment of money, is served on the defendant without any *demand* for payment being made, he cannot be convicted as of a *contempt* in not paying over the money—there must be a *demand* and *refusal,* to authorize proceedings for a contempt.

*Special Term, January,* 1863.

THE parties were this day heard on the matter of the alleged contempt of the defendant, in not paying into court the sum of money which he was so ordered to pay by the judgment or an order made in this action, on the 12th of December, 1859.

That contains, among others, these provisions, viz : " It is therefore ordered and adjudged and decreed that the plaintiff have judgment against the defendant for said sum of $6,259.39, with interest thereon from said 2d day of June, 1859, together with $133.47, costs of this action, and an allowance of $200 dollars; and that John Cook, Jr., do forthwith pay said moneys into court to await the further order of the court, and to be distributed according to law."

It was entered in an action after a trial of it upon pleadings and proofs, and a decision thereupon by the court, that the defendant should account for the moneys alleged in the complaint to have been received by him; and that he had received them as administrator of an estate of which the plaintiff was also administratrix; and after the report of a referee, appointed to take an account of the balance

of the moneys in defendant's hands, which he had thus received, had been made and confirmed, stating such balance to be the sum for which judgment is given. This judgment or order disposes, as between these parties, of every issue made by the pleadings.

A certified copy of this order or judgment was served on the defendant personally on the 26th of June, 1860, with a notice dated December 24th, 1859, that it was a " certified copy of a decree made in within entitled action, on which decree judgment was this day rendered."

No demand or request has been made of the defendant that he should pay such money into court or to the plaintiff, and he has not paid any part of it, and is insolvent and was when the judgment was entered.

An attachment was issued against the defendant to answer to an alleged contempt in not having paid said money. He was arrested, and has answered interrogatories filed and served upon him; and the interrogatories, answers and affidavits, on which the attachment issued, show the facts to be as above stated.

P. G. GALPIN, *for plaintiff.*

B. C. THAYER, *for defendant.*

BOSWORTH, Ch. Justice. The decision of the 12th of December, 1859, is a judgment. It is the final detemination of the rights of the parties in this action. (*Code*, § 245.) No questions, as between them, are reserved for further consideration or left open. The plaintiff insists it is an *order*, because it requires the defendant to pay the moneys into court to await the further order of the court, and to be distributed according to law. The decision made allows to the defendant his commissions on the moneys received, and he has no right, in reference to the moneys to be paid, nor any duty to perform, except to pay the amount for which judgment is ordered. There is nothing in the

allegation or proofs before me suggesting any matter affect-
ing these moneys, which can become a subject of litigation
between these parties. The judgment itself, neither in terms
nor by the import of its provisions, suggests the existence
of any matter of further litigation.   I therefore regard it a
judgment within the meaning of the Code.

It directs the payment of money and only that, and sec-
tion 285 prescribes the mode of enforcing it.   Although a
judgment may require the performance of acts specified in
it, yet if it also requires the payment of money, it may be
enforced in that respect by execution; § 285 so declares.
But this judgment requires nothing besides the payment of
money; and if an execution can issue to collect it, that is
the only proceeding that can be resorted to, in the first
instance, to compel payment.

Proceedings cannot be had under 2 *R. S.*, (*5th ed.*,) 849,
§ 1, *sub.* 3, because that, in terms, excludes all cases where
by law execution can be awarded for the collection of the
sum ordered to be paid.   It excludes them, because this
remedy " for the non-payment of any sum of money ordered
by such court " is authorized only " in cases where by law
execution cannot be awarded for the collection of such
sum."

No authority for this proceeding is found in section 4,
(*id.*, 850,) for that applies only to a " rule or order of
court."

Another fatal objection is, that no demand has been made
of the defendant to pay the money to the plaintiff or into
court.   Under § 4 *of* 3 *R. S.*, *5th ed.*, and § 285 of the
Code, there must have been *a refusal* to comply with the
order, to justify a conviction as for a contempt.   (*Lorton
agt. Seaman*, 9 *Paige R.*, 609.)

The judgment was entered on the 12th December, 1859,
and a copy of it was served on the 26th of June, 1860, with
a notice that it was a certified copy of a decree entered on
the 24th of December, 1859.   No other notice nor any de-

mand accompanied the service, and no demand of payment has since been made.

The decree having been served, and not having been performed, there has been a neglect to obey it; but it cannot be said that there has been *a refusal* to obey it, when performance of its requirements has not been requested.

The necessary conclusion from these views is, that the defendant is not guilty of the misconduct alleged against him.

I think the plaintiff has proceeded in good faith, but under erroneous views of her rights.

Nothing was said on the question of costs, as to which the parties may be heard on the settlement of the order to be entered.