ISAAC J. GEERY et al., Executors, etc., Respondents, *v.* WILLIAM GEERY et al., Appellants.

A judgment in an action for an accounting between partners, requiring the payment of a specified sum of money by one of the parties to a receiver, may be docketed in favor of the receiver and be enforced by execution.

An action, based upon the judgment, brought to set aside conveyances of real estate made by the party so charged as in fraud of creditors, and to reach his real estate and equitable assets, cannot be maintained without first docketing such judgment and issuing execution thereon.

There is no distinction in this respect between judgments for the payment of money in legal and in equitable actions. In either case a suit in equity to enforce the judgment cannot be maintained until the statutory remedy by execution is exhausted.

*White* v. *Geraerdt* (1 Edw. Ch., 336) overruled.

(Argued November 16, 1875; decided November 23, 1875.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming a judgment in favor of plaintiffs entered upon a decision of the court at Special Term, and affirming an order denying a motion for a new trial.

This action was in the nature of a creditor's bill brought by plaintiffs, as executors of Isaac Geery, deceased, against William Geery and wife, to set aside certain conveyances of real estate alleged to have been made by defendant Geery through other persons to his wife, in fraud of plaintiffs and of creditors of said Geery, and to compel the transfer of certain property and equitable assets to a receiver to be applied in payment of a judgment hereinafter described.

Prior to the death of Isaac Geery he and defendant William Geery were partners. The latter, as surviving partner,

took control of the partnership assets and undertook to wind up the business. In October, 1868, plaintiffs commenced an action against him for an accounting. A receiver was appointed in the action. A judgment was entered in June, 1873, which, among other things, required said defendant William Geery to pay over to the receiver the sum of $56,812.38, with interest. This action was based upon said judgment. It was not alleged or proved that the judgment was docketed or that execution had been issued thereon.

On the trial defendants' counsel moved to dismiss the complaint on the ground, among others, that the action could not be maintained in the absence of proof that the remedy at law had first been exhausted, *i. e.*, by docket of the judgment, issue of execution thereon and return thereof unsatisfied. The motion was denied, and defendants' counsel duly excepted.

Judgment was rendered setting aside the conveyances set forth in the complaint as fraudulent, and directing a conveyance of the premises to the receiver.

*F. J. Fithian* for the appellants. There was no judgment or decree which was a lien upon the real estate. (*McElwain* v. *Willis*, 9 Wend., 562, 563 ; *Crippen* v. *Hudson*, 13 N. Y., 161; *Greenwood* v. *Broadhead*, 8 Barb., 593.) · This action could not be maintained because no execution has been issued. (*Beck* v. *Burdett*, 1 Paige, 305 ; *N. Am. F. Ins. Co.* v. *Graham*, 5 Sandf., 197 ; *McCullough* v. *Colby*, 5 Bosw., 477 ; *Shaw* v. *Dwight*, 27 N. Y., 244 ; *M. and Tr. Bk.* v. *Dakin*, 51 id., 522 ; *Ocean Nat. Bk.* v. *Olcott*, 46 id., 12 ; *Heye* v. *Bolles*, 2 Daly, 235 ; *Jones* v. *Green*, 1 Wall., 330 ; *Thurber* v. *Blanck*, 50 N. Y., 80 ; *Allyn* v. *Thurston*, 53 id., 622 ; *Crippen* v. *Hudson*, 13 id., 165, 166 ; *Dunbary* v. *Hudson*, 32 id., 461 ; *McElwain* v. *Willis*, 9 Wend., 562 ; *Lawton* v. *Levy*, 2 Edw. Ch., 197 ; *Beardsley Scythe Co.* v. *Foster*, 36 N. Y., 564; *Voorhees* v. *Howard*, 4 Keyes, 371 ; *Gray* v. *Cook*, 24 How., 432 ; *People* v. *Conover*, 6 Abb., 220 ; 3 R. S. [5th ed.], § 66, p. 269 ; Code, § 285 ; *Hosac* v. *Rogers,*

11 Paige, 604; *Van Ness* v. *Cantine*, 4 id., 56, 57; *Gleason* v. *Gage*, 7 id., 123; *Clarkson* v. *De Peyster*, 3 id., 320; *Speiglemyer* v. *Crawford*, 6 id., 254.) Plaintiffs were not in a situation to ask for a sequestration, even of the rents and profits, as they had not taken the preliminary steps to entitle them to it. (*Hosack* v. *Rogers*, 11 Paige, 604–606.)

*Benj. D. Silliman* for the respondents. The judgment rendered was within the jurisdiction and power of the court. (*Loomis* v. *Tifft*, 16 Barb., 541; *Payne* v. *Sheldon*, 63 id., 169; *Chat. Co. Bk.* v. *White*, 6 N. Y., 236, 252; 2 R. S., 174, §§ 38, 39; *McCartney* v. *Bostwick*, 32 N. Y., 53; *Kamp* v. *Kamp*, 46 How. Pr., 145.)

EARL, J. In the action for a partnership accounting between the plaintiffs and the defendant William Geery, the plaintiffs obtained a judgment, among other things, that said defendant pay to the receiver appointed in that action the sum of upwards of $56,000; and this action is brought to reach property mentioned in the complaint, to satisfy that judgment. There is no allegation or proof that the property ever belonged to the firm or that it was purchased with the partnership funds. Certain real estate had for many years belonged to William Geery, and soon after his brother's death and before the action for the accounting had commenced, he conveyed it to his wife; and the allegation is that this conveyance was made to defraud the estate of his deceased partner.

I will assume, as most favorable to the plaintiffs, that the judgment in the suit for an accounting, in which the defendant William was ordered to pay the sum above mentioned, is a final judgment; and yet I reach a conclusion adverse to the plaintiffs.

Previous to modern statutes upon the subject, the only way of enforcing a decree in chancery was by attachment and sequestration. The defendant was deemed to be in contempt for not obeying the decree; and the first process against him for such contempt was a writ of attachment; and if for any

reason he could not be taken and imprisoned upon the attachment, or if being imprisoned he still refused to perform, the writ of sequestration could be issued, under which the sequestrators could seize and sell his personal property and take and receive the rents and profits of his real estate. (1 Barb. Ch. Pr., 68; 2 Hoff. Ch. Pr., 91; Daniells' Ch. Pr. [4th Am. ed.], 1032, 1050.)

Under the Revised Statutes and earlier statutes provisions were made for enrolling decrees in chancery and for docketing the same, and thus making decrees for the payment of money liens upon real estate, and for enforcing decrees by execution against the person and the property of the defendant. (2 R. S., 181, *et seq.*) Under the Code, judgments in equity for the payment of money may be docketed and enforced by execution in the same manner as judgments in actions at law (§ 285); and it may well be doubted whether, since these provisions of the Revised Statutes and of the Code and the act abolishing imprisonment for debt, decrees for the payment of money can be enforced by attachment or sequestration. (*Hosack* v. *Rogers*, 11 Paige, 603.)

In this case the judgment required the payment of the $56,000. It could have been docketed and enforced by execution. It matters not that the money was required to be paid to a receiver who was not a party to the suit; the court could have ordered a judgment for that sum to be docketed in his favor and enforced by execution. (1 Barb. Ch. Pr., 441; *Gray* v. *Cook*, 24 How. Pr., 432.) But without docketing any judgment and without issuing any execution, the plaintiffs have resorted to this action to set aside certain conveyances and to reach certain real estate and equitable assets of the judgment debtor; and the important question to be determined is, whether the action can under such circumstances be maintained. If the judgment were a judgment in an action at law, no one could question that before an action of this kind could be maintained, as to the real estate, an execution must have been issued, and, as to the equitable assets, must have been issued and returned unsatisfied. (2 R. S.,

173 ; *Shaw* v. *Dwight*, 27 N. Y., 244 ; *Ocean National Bank* v. *Olcott*, 46 id., 12 ; *Allyn* v. *Thurston*, 53 id., 622 ; *Fox* v. *Moyer*, 54 id., 125 ; *Jones* v. *Green*, 1 Wallace [U. S.], 330.) In such a case a resort to equity is allowed only in case of necessity; the legal remedy must be first exhausted. The tangible property must first be taken, and then if there are equitable assets of the debtor which cannot be reached by execution a resort to equity may be had. If the creditor seeks choses in action, he must have his execution returned unsatisfied. If he seeks real or personal estate, which would be liable to execution but for fraudulent obstructions placed in the way by the debtor, he must have issued his execution, and then he may invoke the aid of the equity court to remove the obstruction; and the remedy in equity is given in such cases because legal remedies are inadequate. But it is claimed, on the part of the plaintiff, that the same rules do not apply where the judgment sought to be collected is one rendered in an equitable action. I can perceive no reason for a distinction. A suit in equity to enforce satisfaction of a judgment should not be allowed so long as there is a more simple and obvious remedy. The statute law gives a remedy by execution, and that remedy, upon every reason of public policy and convenience, should be exhausted before a new suit should be allowed to be maintained. It should not be tolerated that a party may stop short in one suit, not docket his judgment nor issue execution, and commence a new suit in the same court to procure satisfaction of his claim ; and these views are sustained by much authority. In *Crippen* v. *Hudson* (13 N. Y., 161), Judge JOHNSON said, " that the Court of Chancery required executions to be returned unsatisfied, when issued on its own decrees, before it would entertain creditors' bills founded upon them." In *North American Fire Insurance Company* v. *Graham* (5 Sandf. S. C., 198), the plaintiffs obtained a decree in chancery for a deficiency on a mortgage foreclosure, and it was held that they could not file a bill to set aside conveyances made by debtors, which stood in the way of the lien of their decree, until an execution

had been actually issued upon the decree. In *Clarkson* v. *De Peyster* (3 Paige, 320), and *Speiglemyer* v. *Crawford* (6 id., 254), the actions were to procure satisfaction of decrees in equity for the payment of money, and the chancellor held that the action could be maintained only after remedy by execution had been exhausted.

The only authority to which our attention has been called, apparently authorizing this action without the issuing of an execution, is the decision of Vice-Chancellor McCOUN, in *White* v. *Geraerdt* (1 Edw. Ch., 336). That case is in conflict with other authorities, and is unsupported by any principle now recognized as controlling in such cases. I have carefully examined other cases cited by plaintiffs' counsel, and claimed by him to be analogous, and it is sufficient to say of them that none of them are sufficient authority for the maintenance of this action.

There are many cases in which money judgments may be rendered in equitable actions, such as actions for the foreclosure of liens, for the partition of real estate, for specific performance, and for accounting, and such judgments are required to be entered, docketed and enforced, in all respects, like judgments rendered in actions at law. All such judgments stand upon the same footing, and there can be no reason for adopting one system for the collection of one class of judgments, when fraudulent obstructions are placed in the way by fraudulent debtors, and another system for another class. The simple remedy by execution should first be tried in all cases before the jurisdiction of a court of equity can be invoked by a creditor's suit.

Without, therefore, considering other questions discussed upon the argument of this case, I am of opinion that the judgment should be reversed, and, as the plaintiffs cannot, upon the allegations in the complaint and the undisputed facts, recover upon a new trial, the complaint should be dismissed with costs.

All concur.

Judgment accordingly.

NOTE.— On motion made subsequently it was ordered that the judgment, as entered, be corrected by inserting clause granting new trial, instead of judgment absolute.