BENJAMIN ESTES, Respondent, *v.* RUTH D. WILCOX, Appellant.

A creditor at large cannot maintain an action to enforce a resulting trust, under the statute of uses and trusts (1 R. S., 728, § 52), in lands purchased and paid for by his debtor, and by direction of the debtor deeded to another; and this is so, although the debtor is dead, and died insolvent.

These facts do not dispense with the general rule that a debt must be ascertained by judgment, and legal remedies exhausted, before the creditor can proceed in equity to collect it out of assets liable in equity for its payment.

(Argued October 5, 1876; decided November 14, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department in favor of plaintiff, entered upon an order affirming an order of Special Term, which overruled a demurrer to the complaint herein.

The complaint alleged, in substance, that Joshua Whipple, in his lifetime, caused certain real estate, specified and described in the complaint, which had been purchased and paid for by him, to be conveyed to defendant, Ruth D. Wilcox, which real estate Whipple improved at his own expense, and at great cost, and occupied up to the time of his death, said conveyance being so made and accepted for the purpose

of hindering, delaying and defrauding the creditors of said Whipple; that Whipple died, in March, 1873, intestate and insolvent, leaving a large amount of indebtedness, his assets being sufficient to pay only about forty per cent. of his debts; that, at the time of said conveyance, said Whipple was indebted to plaintiff in the sum of $253.77, and to Mary H. Estes in the sum of $142, and was so indebted at the time of his death, the items of which indebtedness were specifically set forth in the complaint; that said Mary H. Estes duly assigned her claim to plaintiff; plaintiff asked that said conveyance be declared fraudulent and void as against plaintiff, and that the balance of his claim over and above the forty per cent., with interest thereon, be charged upon said real estate, and that said premises, etc., be sold to pay the same.

Defendant demurred on the ground, among others, that the complaint did not state facts sufficient to constitute a cause of action.

*S. B. McIntyre* for the appellant. Plaintiff's right as a creditor must be established by a judgment before he can have any standing in court to question the disposition of the property. (2 R. S., 174, 180 [Edm. ed.], § 38 ; id., 728, §§ 51, 52, p. 677 ; *Dunlevy* v. *Talmadge,* 32 N. Y., 457 ; *Reubens* v. *Joel,* 3 Kern., 488 ; *Cramer* v. *Blood,* 57 Barb., 164 ; *Ocean Nat. Bk.* v. *Olcott,* 46 N. Y., 12 ; *Allyn* v. *Thurston,* 53 id., 622; *Wiggins* v. *Armstrong,* 2 J. Ch., 144, 283 ; *Brinkerhoff* v. *Brown,* 4 id., 671 ; *Beck* v. *Burdell,* 1 Paige, 305.)

*Wm. H. Smith* for the respondent. It was not necessary for plaintiff to show a recovery of a judgment and a return of execution *nulla bona.* (*Sharpe* v. *Freeman,* 45 N. Y., 802 ; *Loomis* v. *Tifft,* 16 Barb., 545 ; *Spicer* v. *Ayers,* 2 T. & C., 626.) Plaintiff's only remedy is in equity to establish the trust. (*Brewster* v. *Power,* 10 Paige, 562 ; *Garfield* v. *Hatmaker,* 15 N. Y., 475 ; *McCartney* v. *Bostwick,* 32 id., 53.) Plaintiff held the note as assignee of the creditor at the time of the conveyance. (*Smith* v. *Storr,* 4 Hun, 123 ; *Craig* v. *Parkes,* 40 N. Y., 181.)

ANDREWS, J.   The question presented by the demurrer in this case, was decided adversely to the plaintiff in *Allyn* v. *Thurston* (53 N. Y., 622).   It was there held that a creditor at large could not maintain an action to enforce a resulting trust in lands purchased and paid for by his debtor, and by his direction conveyed to another person.   In that case the action was brought after the death of the debtor, and it was averred in the complaint that he died insolvent, and unable to pay his debts.   The defendant, by his demurrer, admitted the existence of the debt, and the insolvency and death of the debtor, but the court were of opinion that this did not dispense with the general rule requiring that the debt must be ascertained by judgment, and that legal remedies must be exhausted before the creditor could proceed in equity for the collection of the debt out of assets liable in equity for its payment.

The reason of the rule, that the creditor's debt must be ascertained by judgment, before proceeding in equity, does not fail by the death of the debtor before judgment recovered for the debt.   The creditor may prosecute the claim to judgment against the personal representatives of the debtor, and although it would not be conclusive against his heirs or his grantees, by title acquired before his death, or in this case against the defendants, it would conclude the creditor as to the amount of his debt.

In a suit against the personal representatives of the debtor to recover it, any defence which the debtor himself could have made, could be interposed, and the claims would be subject to set-off, or to the plea of the statute of limitations, or to any defence existing when the action was brought.   These questions would be settled as between the creditor and the estate by a judgment in the creditor's action against the representatives.   It is convenient and reasonable to require this to be done before subjecting third persons to litigation with the plaintiff, who may never be able to establish any claim against the estate.   It is sufficient, however, to say that the case of *Allyn* v. *Thurston* (*supra*) is decisive of this.

The allegation that the intestate's estate only amounted to

forty per cent. of his debts, is no stronger than the allegation of insolvency in the case referred to, and the averment of the existence of the debt, although admitted by the demurrer, does not give jurisdiction to a court of equity to proceed to subject the property in question to the operation of the alleged trust.

The judgment of the General Term should be reversed, and judgment for defendant ordered on the demurrer.

All concur.

Judgment accordingly.