By the Court.—Speir, J.
The judgment entered June 8, 1874, directed defendant forthwith to pay to *457 plaintiff the sum of three thousand four hundred and ten dollars and seventy-three cents, out of and from a certain fund received by defendant under deed of assignment from Selah Hiler, and prior to all other payments. The judgment further provided “that the plaintiff have leave to apply to this court on the foot of this judgment for any further order, direction, or decree, to carry this judgment into effect.”
But a single question is presented by the record before us on this appeal. Has the plaintiff mistaken his remedy ? Is the only proper mode of enforcing this judgment by execution against defendant’s property %
Proceedings as for contempt to enforce civil remedies and to protect the rights of parties in civil actions are regulated by the statute (2 R. S. 534), and the cases are therein specifically defined and limited. Where by law execution can be awarded for the collection of a sum of money, it seems very clear that no proceedings as for contempt can be had for the non-payment of money ordered by the court to be paid. The first section enacts, “Every court shall have power to punish by fine and imprisonment or either, &c. by subdivision three, “Parties to suits, &c., . . . for non-payment of any sum of money ordered by such court to be paid, in cases where by law execution cannot be awarded for the collection of such sum” (2 R. S. 534, § 1, subd. 3).
How the judgment before us requires the payment of money. There can be no doubt that by law an' execution can be awarded for the collection of the money thus ordered to be paid. The provisions of the Code are substantially the same as existed before the Code under the Revised Statutes. Section 2S5, “Where a judgment requires the payment of money, or the delivery of real or personal property, the same may be enforced in those respects by execution as provided in this title. Where it requires the performance of any *458 other act, a certified copy of the judgment may be served upon the party against whom it is given, or the person or officer who is required thereby, or by law, to obey the same, and his obedience thereto enforced. If he refuse, he may be punished by the court as for a contempt.” By both the Code and Revised Statutes, there is a specific authority to issue execution for the moneys in question, because an execution can be awarded for their collection. The authority to take proceedings to enforce civil remedies and to protect the rights of parties in civil actions, is limited, and cannot extend for the non-payment of money in a case where by law, execution can be awarded for the collection of such sums of money.
It is argued that the defendant being further directed to pay the money out of a particular fund in priority to other payments, and having leave to apply to the court on the foot of the judgment, for any further order, direction or decree, to carry the judgment into full effect, it was intended to grant to the appellant the remedy he is now seeking to enforce. The judgment requires only the payment of money, and it appearing that an execution can issue to collect it, the plaintiff is restricted to the issue of an execution as the only remedy he can resort to.
What proceedings he may take in the future, after exhausting the remedy by execution, has nothing to do with the present question. The court is not now called upon to take into consideration any future action which the defendant may become liable for, as malappropriation of the fund, or other misconduct. This court has decided that where a judgment directed the payment of money into court, that if the judgment directed the performance of certain acts, and also required the payment of money, it may be enforced in the latter respect by execution; and that is the only proceeding that can be resorted to, in the first instance, *459 to compel payment (Gray v. Cook, 24 How. Pr. 432, Bosworth, Ch. J.).
The order must be affirmed with costs.
Sedgwick, J., concurred.