THE GENESEE RIVER NATIONAL BANK, Respondent, v. MARGARET M. MEAD, as well in her own right as Executrix of the Will of JACOB A. MEAD, Appellant.

*Creditor's bill — will not lie till the remedy at law is exhausted — Sub. 4, of section 550 of the Code of Civil Procedure — what facts do not authorize an arrest under — when a motion to vacate an order of arrest may be made.*

This action was brought by the plaintiff against the defendant, individually, and as executrix of J. A. Mead, deceased, upon an indebtedness of the deceased, consisting of two notes and a judgment, amounting in all to $1,500. The complaint alleged the appointment of the defendant as executrix July 2, 1877, and that she was sole legatee; that the only assets of the estate were about $500 worth of personal property, and land in Wisconsin, worth about $1,500; that shortly before his death the testator had assigned, without consideration, a policy of insurance upon his life to the defendant who had collected it; that defendant had filed no inventory of his estate and was about to leave the State and take the assets of the estate with her.

*Held,* that the action could not be sustained as a creditor's bill, as the plaintiff had not exhausted its remedy at law.

That, upon the facts stated in the complaint, the defendant could not be arrested under sub. 4 of section 550 of the Code of Civil Procedure (the substitute for a writ of *ne exeat*).

That the complaint did not state facts sufficient to constitute a cause of action, and that the plaintiff might move at any time after service of the complaint to vacate an order of arrest granted in the action upon affidavits containing the same allegations as the complaint.

That such motion might be made more than twenty days after the order of arrest was served.

APPEAL from an order made at the Livingston Special Term, denying a motion to vacate an order of arrest. The action was brought by the service of a summons on the defendant on the 2d day of May, 1878, and on the same day the court granted, upon affidavits, an order of arrest. May 2, 1878, the defendant was arrested and gave security to abide the orders of the court. June 8, 1878, and after the service of the complaint herein, the defendant served notice of a motion to set aside the order of arrest, for the Geneseo Special Term to be held June 17, 1878, which motion was heard and denied.

*Jno. A. Vanderlip*, for the appellant.

*Bingham & Sutherland*, for the respondent.

SMITH, J.:

The order of arrest was granted by the court upon affidavits, which were held to have made a case within subdivision 4 of section 550 of the Code of Civil Procedure. That subdivision is said by Mr. Throop, in his notes, to provide a substitute for the writ of *ne exeat*. The order of arrest was served at the time of the commencement of the suit. The motion to vacate it was made after the service of the complaint. As it was not made until more than twenty days had elapsed after the arrest, it was properly denied for that reason (Code of Civil Procedure, § 567), unless the complaint shows that the case is not one of those mentioned in section 549 or 550 of the Code, in which latter case, according to the last clause of section 558 of the Code, the motion to vacate may be made at any time after the filing or service of the complaint. It has been held by the General Term in the first

department that to justify vacating an order of arrest, under the last clause of section 558, it must affirmatively appear by the complaint that the cause of action is such, that in no event could the defendant be arrested within section 549 or 550. (*Sloan* v. *Livermore*, 55 How. Pr. R., 85.) To the same effect are several Special Term decisions. (*Williams* v. *Norton*, 54 How., 509; *Thompson* v. *Friedberg*, id., 519; *Mather* v. *Hannaur*, 55 id., 1.) In each of the cases cited, however, the complaint alleged a good cause of action, although not a ground of arrest, and the arrest proceeded upon grounds extrinsic to the cause of action which were shown by affidavit, and there was nothing in the complaint to show that the ground of arrest set out in the affidavits did not exist. But, in the present case, the affidavits on which the order of arrest was granted, alleged substantially the same facts as did the complaint, and the position of the appellants' counsel is, that neither the affidavits nor the complaint set forth facts which constitute a cause of action. If he is right in this, we think he is entitled to have the order vacated. The question then is, whether the complaint sets out a cause of action.

The complaint alleges, in substance, that Jacob A. Mead, at the time of his death, was indebted to the plaintiff, a banking corporation, upon two promissory notes and a judgment, the amount of each of which is set out in the complaint, being in the aggregate about $1,500. That Mead died at Mt. Morris on or about the 21st of April, 1877, leaving a will by which his widow, the defendant, was appointed executrix; that the will was admitted to probate 2d July, 1877, and that she was the sole legatee. That the only assets of his estate were about $500 of personal property in this State, and a lot of land in Michigan of the value of about $1,500, except a policy of insurance in his own right, upon his own life, for the sum of $3,000, which he transferred to his wife, without consideration, a few months before his death, and while he was indebted to the plaintiff. That the defendant also had a policy of insurance on the life of her said husband for $2,000, and after his death she received the money on both policies. That the defendant has not filed an inventory or taken any steps in the surrogate's court towards the settlement of the estate of said Mead, and that she is about to remove her residence from

this State to Denver, Colorado, and to take the assets of the estate with her. The complaint prays that the defendant, as executrix, may be required to account in this court for the assets of the estate, including the real estate in Michigan, and that the assignment of the said policy of insurance to her may be declared to be fraudulent and void as against the plaintiff, and the proceeds thereof be decreed to be applied to the payment of the plaintiff's debt. The action appears to have been commenced in May, 1878.

It is insisted by the appellant's counsel that the complaint attempted to set forth several different causes of action — some against the defendant in her representative capacity and others against her individually. That, we think, is a misapprehension. As we read the complaint it professes to state but one cause of action. The action is brought by a creditor, whose claim is partly in judgment and partly in simple contract, to reach the assets of the deceased debtor, which are alleged to be in the hands of the defendant. As she claims the assets partly as executrix and partly in her own right, she is properly sued in both capacities. Inasmuch as the complaint undertakes to set out but one cause of action, the order of arrest should not be vacated, unless the complaint shows affirmatively that the plaintiff is not entitled to relief against the defendant in either capacity in which she is sued.

It is urged on the part of the appellant that the plaintiff is not entitled to relief against the defendant individually, for the reason that the plaintiff has not exhausted its remedy at law, no execution having been issued on the judgment against Mead, and also for the reason that it is not alleged that the assignment to her of the policy of insurance was made with intent to defraud creditors.

These positions seem to be well taken. So far as the relief sought against the defendant individually is concerned, the suit is a creditor's bill to set aside the assignment and reach the proceeds of the policy of insurance. It is well settled that, to maintain an action to collect a debt out of assets that can be reached only in equity, the creditor must first exhaust his remedy at law, by the recovery of a judgment, the issuing of an execution thereon, and the return of the same unsatisfied. (*Estes* v. *Wilcox*, 67 N. Y., 264; *Crippen* v. *Hudson*, 13 id., 161.) A simple con-

tract creditor cannot maintain the action. (*Reuben* v. *Joel*, 13 N. Y., 488; *Dunlevy* v. *Tallmadge*, 32 id., 457.) The case of. *Loomis* v. *Tift* (16 Barb., 541), cited by the respondent's counsel, proceeded upon special circumstances which do not exist in this case.

The respondent's counsel argues that it was not necessary to allege that the assignment of the policy was fraudulent, inasmuch as the complaint alleges facts from which the conclusion of fraud may be drawn by the court. But the question of fraud is one of fact, and a fraudulent intent must be alleged as well as proved. Besides, the facts alleged are not inconsistent with an honest intention. The complaint shows that the debtor had sufficient property remaining after the assignment to pay the plaintiff's claims, and it does not appear that he was owing other debts.

Relief is sought against the defendant as executrix, on the ground that she has not filed an inventory and is about to remove from the State. For the omission to file an inventory there is an ample remedy in the surrogate's court. The filing of an inventory may be compelled by attachment. (2 R. S., 85, §§ 17, 18.) A remedy is also given in the surrogate's court, where an executor has removed, or is about to remove, from the State. In such case the surrogate, on complaint being made, may require such executor to give bond with sureties, like those required by law of administrators, and on his neglecting to do so may supersede his letters and appoint an administrator. (2 R. S., 72, §§ 18 to 21.) The latter remedy, however, may not have the effect to prevent the administrator from removing from the State with the assets, and, therefore, it may not be a bar to an application for equitable relief in a proper case. But we think a mere intention to remove from the State does not bring the case within the statute. Section 555 of the Code of Civil Procedure provides that a person prosecuted in a representative capacity cannot be arrested as therein prescribed, except for his personal act. This seems to contemplate something more than a mere intention to do an act. Mr. Throop says in his note to the section that it was modeled upon 2 Revised Statutes, 348, § 9, substituting the last clause for the words, " unless they shall have incurred a personal obligation to pay the debt or demand claimed." It is doubtful, to say the least, whether

the complaint or the affidavits impute to the defendant any "personal act" which makes her liable to arrest within the meaning of the section referred to. The only "act" ascribed to her is her omission to file an inventory. The remedy for that omission has already been pointed out. Her purpose to leave the State, although openly avowed, can hardly be called an "act." We are of the opinion, for the reasons given, that the order appealed from should be reversed, and the order of arrest vacated, with ten dollars costs and disbursements of the appeal, and ten dollars costs of the motion to vacate, to the appellant.

Talcott, P. J., and Hardin, J., concurred.

Order of Special Term reversed, and order of arrest vacated, with ten dollars costs and disbursements of appeal, and ten dollars costs of motion to vacate.