Isaac J. Geery et al., Executors, etc., Appellants, v. William Geery, Survivor, etc., Respondent.

In an action for an accounting, brought by the executors of a deceased partner against the surviving partner of a firm, a judgment was rendered directing defendant to pay over to a receiver a specified sum, and to turn over to him the partnership assets remaining, out of which the receiver was directed to pay plaintiffs, a sum stated, and to divide the residue; thereupon a judgment was docketed in favor of plaintiffs, against defendant, for the amount the latter was required to pay; on motion to vacate the docket in this particular, *held,* that it was not authorized by the judgment, and was properly vacated; that the docket, if any was authorized, should have been in favor of the receiver; that it was not sufficient that it appeared, plaintiffs would be entitled to as large or a larger sum when the judgment is fully carried out; there was no personal money judgment between the parties, the money required to be paid the receiver was partnership money, and the demand of plaintiffs was to be paid by the receiver from firm assets.

(Argued January 13, 1879; decided January 20, 1880.)

APPEAL from order of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming an order of Special Term, which vacated and set aside a docket of a judgment in favor of the plaintiffs herein, against defendant, and a transcript of said judgment and docket thereof in the office of the clerk of the city and county of New York.

This was an action for an accounting brought by plaintiffs as executors of Isaac Geery, late of the firm of I. & W. Geery, against the surviving member of that firm.

The judgment directed defendant to pay over to the receiver appointed in said action the sum of $56,812.38, and to deliver and transfer to him the other property and assets belonging to the firm, in his hands; that the receiver sell the assets and after paying expenses, etc., to pay to plaintiffs the sum of $82,308.10 and interest, if the assets are sufficient for that purpose; if any surplus the same to be divided between the parties; if a deficit the receiver was required to report the amount thereof, and upon the coming in and confirmation of the report, judgment for one half the amount was directed in favor of plaintiffs against defendant.

The judgment-roll was filed June 26, 1873, and an entry was then made in the docket of judgments, of the names of parties and the time of filing the roll. Afterwards, on January 13, 1876, the clerk of the court, at the request of plaintiffs' attorneys, docketed a judgment for $56,812.38 in favor of plaintiffs against defendant, a transcript of such docket was filed and judgment was docketed in the office of the clerk of the city and county of New York.

*Amasa J. Parker*, for appellants. There was no irregularity in the entry of the judgment, it was properly docketed on the judgment given by the court, and was final. (*Morris* v. *Morange*, 38 N. Y., 179; *Geery* v. *Geery*, 63 id., 252; *Produce Bank* v. *Morton*, 67 id., 199, 203; *Gray* v. *Cook*, 24 How. Pr., 432; *Sears* v. *Burnham*, 17 N. Y., 445, 447; *Hunt* v. *Grant*, 19 Wend., 90.)

*F. J. Fithian*, for respondents. No money judgment could have been docketed at all, except by an order of the court, and then only in favor of the receiver. (*Geery* v. *Geery*, 63 N. Y., 252, 253.) A test of a right to docket a judgment, is a right to issue execution upon it immediately. (*De Agreda* v. *Mantel*, 1 Abb. Pr. R., 135.) The receiver alone can enforce the judgment, so far as its relates to the payment to him of said sum of money. (*Troy City Bank* v. *Bowman*, 19 Abb. Pr. R., 16.) The clerk had no power to alter or amend the original docket of June 23, 1873. (3 R. S. [5th ed.], 723, § 9.)

CHURCH, Ch. J. Without discussing the finality of the judgment, or the power of the clerk to amend the docket three years after the original entry of judgment was made, by inserting the sum of $56,812.38, we are of opinion that the judgment in this case did not authorize the docket of a judgment for any amount in favor of the plaintiff against the defendant. The docket, if any was authorized, should be in favor of the receiver, and this was held in *Geery* v. *Geery* (63 N. Y., 252, 255).

There was no judgment that the plaintiff recover any sum from the defendant, nor that the defendant pay to the plaintiff any sum whatever.

The action was for an accounting between partners. The judgment in adjusting these accounts requires the defendant to pay to the receiver the sum recovered, and makes it the duty of the receiver to convert certain real estate and personal property into money, and from the aggregate amount to pay the plaintiff a specified amount owing to him by the firm, and the balance to divide equally between the parties. The sum which the defendant was required to pay to the receiver, together with the avails of the property, were partnership assets to be administered and paid by the receiver, according to the terms of the judgment, and the plaintiffs had no authority to intervene and override the provisions of the judgment. It is not sufficient that it appears that the

plaintiffs will be entitled to as large or a greater sum than that named, when the judgment is fully carried out; the question is, whether there is any adjudication upon which to base the docket of a recovery in favor of the plaintiff against the defendant. The money required to be paid to the receiver was partnership money, and the demand of the plaintiffs' testator was against the firm, and the receiver was directed to pay it from firm assets. There was no personal money judgment between the parties.

The order should be affirmed.

All concur, except DANFORTH, J., not voting.

Order affirmed.