EGBERT GARDNER, Appellant, v. HANNAH E. LANSING, Individually and as Administratrix, and STEHPEN SMITH, Administrator of JOHN G. LANSING, and Others.

In the Matter of the Petition of SANFORD NEILSON and Others, Respondents, to be made Parties.

*Simple contract creditors of deceased — cannot be made parties to an action in which the estate is interested — right of such creditors to maintain an action to set aside an invalid mortgage, after the administrator has refused to do so — 1858, chap. 314.*

This action was brought against the administrators and heirs-at-law of John G. Lansing, deceased, to foreclose a mortgage made by him. Certain persons presented a petition to the court alleging that they were simple contract creditors of the deceased; that the estate was insolvent and that the administrators had applied to the surrogate for leave to sell the real estate of the deceased, which was the only source from which the creditors could be paid; that a large amount had been paid to one of the administrators from the rents and profits of the real estate; that such administrator was insolvent and was acting in collusion with the plaintiff and the other defendants to procure the mortgage to be foreclosed and thereby prevent the creditors of the deceased from receiving anything. They prayed to be made parties defendant, so that they might defend the action by showing that the mortgage was given without consideration, and that it had been paid by the rents received by the widow, the administratrix, since the death of her intestate.

*Held,* that the application should have been denied.

*Quære,* as to whether if the administrator should refuse, upon proper request, to disaffirm the mortgage and bring an action, as authorized by chapter 314 of 1858, such an action might be brought by simple contract creditors. (Per Learned, P. J.)

Appeal from an order made at a Special Term, granting an application made by certain persons to be made parties defendant to the above entitled action. The action was brought to foreclose a mortgage given by one John G. Lansing, deceased.

Sanford Neilson and other persons, claiming to be creditors of the deceased, applied to the court to be made parties defendant to the action and to be allowed to defend it. The petition alleged, among other things, that the defendant Hannah E. Lansing, the widow of John, had, since his death, received a large amount of the rents and profits of the real estate and had not accounted and did not intend to account for the same to the heirs or creditors of said John G.

Lansing, deceased; that the said amounts so received by her are far in excess of any amount due on the said mortgage or to grow due thereon. That the said Hannah E. Lansing is in collusion with the plaintiff in said action, and the other defendants to said action, to have said mortgage foreclosed for its full amount, as appears on the face thereof, and the property sold thereunder, so that nothing can come to the creditors of the said John G. Lansing, by reason of her sale of the premises covered thereby, under and by virtue of an order of the surrogate. That the said Hannah E. Lansing is insolvent.

*Geo. B. Lawrence*, for the appellant.

*W. B. French*, for Sanford Neilson and others, respondents.

LEARNED, P. J.:

This action is brought to foreclose a mortgage made by the deceased intestate, John G. Lansing. Sanford Neilson and others, alleging that they are simple contract creditors of the deceased, that the administratrix and administrator claim that the estate is insolvent; that the administratrix and administrator have applied to the surrogate for a sale of the real estate, and that the real estate is the only source from which the creditors can be paid, now ask to be made parties defendant to this foreclosure, in order that they may set up as a defense, certain facts, viz.: That the mortgage was given without consideration, and that it has been in part paid by rents received by the widow since the death of the deceased. From an order granting this relief the plaintiff appeals.

It is not necessary or proper that any person should be made defendants in an action of foreclosure, other than those who have either a title to the land or a lien thereon. They alone have a right to redeem the land from the mortgage; and they alone need to be cut off and barred by the foreclosure. If the mortgagor were living, his simple contract creditors would have no lien on the land; and they would be neither necessary nor proper parties to the foreclosure. Nor have such simple contract creditors any lien on the land, after the death of the mortgagor. (*Matthews* v. *Matthews*, 1 Edw. Ch., 565; *Fonda* v. *Chapman*, 30 Sup. C. N. Y. [23 Hun], 119.) The land passes at once to the heirs or devisees of

the deceased. No rights can be acquired but by proceedings against them. The right to enforce debts of the deceased against this land now belonging to the heirs or devisees is not a lien. . If it were, then, on the foreclosure of a mortgage, made by the deceased, these simple contract creditors would be necessary parties.

If the doctrine of the petitioners were correct, it would go much further. Any suit to recover money against an administrator affects, in one way, other creditors. Because it may establish a claim against the fund. On the same reasoning therefore, other creditors of the estate might petition to be made parties defendant to such an action, alleging collusion between the plaintiff and the administrator; and would be entitled thus to come in and defend.

The question here presented is analogous to the question whether a simple contract creditor of a deceased person can bring an action to set aside, as fraudulent, a conveyance made by such person. Whatever doubt may have existed on this point formerly, it has been settled by *Estes* v. *Wilcox* (67 N. Y., 264); *Allyn* v. *Thurston* (53 N. Y., 622); *Ocean National Bank* v. *Olcott* (46 N. Y., 12). The opinion in *Estes* v. *Wilcox* explains the decision in *Allyn* v. *Thurston*, which is not reported in full; and shows that the action was brought after the death of the debtor, and that it was admitted that he died insolvent. Now the death and insolvency of the debtor are the facts upon which the court relied in *Loomis* v. *Tifft* (16 Barb., 541), and in *Spicer* v. *Ayers* (2 T. & C., 624), as the ground of giving relief to a simple contract creditor. Yet the Court of Appeals in *Estes* v. *Wilcox* decided that, notwithstanding such death and insolvency, the creditor must have a judgment and execution before he could maintain the action in equity. The same doctrine is recognized in *Geery* v. *Geery* (63 N. Y., 252), and is followed in *Evans* v. *Hill* (25 Sup. C. N. Y. [18 Hun], 464) and in *Adsit* v. *Sanford* (30 Sup. C. N. Y. [23 Hun], 45), affirmed under the title of *Adsit* v. *Butler* (87 N. Y., 585). In this last case the demurrer admitted the death and insolvency of the debtor; but it was held that judgment and execution were necessary, before the action could be maintained. The doctrine is again asserted in *Southard* v. *Benner* (72 N. Y., 424), by the same judge who had, some twenty-five years before, held the contrary in *Loomis* v. *Tifft* (16 Barb., 541.)

It must then be considered as settled that these petitioners, being only simple contract creditors could not maintain an action to set aside this mortgage as fraudulent. They have therefore no right to defend against it.

But it is urged that unless this motion be granted the petitioners are remediless. By no means. The administrator and administratrix may disaffirm and treat as void this mortgage. (Laws 1858, chap. 314; *Southard* v. *Benner, ut supra.*) A neglect to discharge their duty in this respect may render them liable to account for the loss and liable to removal.

And here we may remark as to the allegation that the widow and administratrix has received, since the death of the deceased certain rents of the lands which belonged to the deceased, that these creditors have no right to those rents, and no right to claim that such rents should be applied upon the mortgage.

A single point should perhaps be mentioned. If an administrator, on proper request, should refuse to disaffirm and to bring an action to set aside a mortgage, alleged to be fraudulent, probably creditors, in some cases, might bring such an action, alleging the refusal and making the administrator a party; as was done in *Bate* v. *Graham* (11 N. Y., 237). But notice, that in that case the creditor had recovered a judgment. Whether he could have maintained the action as a simple contract creditor we need not decide.

The order should be reversed, with ten dollars costs and printing disbursements, and new trial denied, with ten dollars costs against petitioners.

Present — LEARNED, P. J., and WESTBROOK, J.

Order reversed with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.