EGAN v. HAGAN et al.

(Supreme Court, Appellate Division, First Department.   May 10, 1907.)

CREDITORS' SUIT—PLEADING.

An allegation in the complaint, in an action to set aside an assignment made by one of two joint judgment debtors, that the judgment was recovered upon debts of the judgment debtor making the assignment, contracted previous to the making thereof, being consistent with the theory that the two judgment debtors were partners at the time the debts were contracted, and that the same were incurred for the benefit of the partnership, was insufficient to warrant the inference that the other judgment debtor sustained the relation of surety to the debtor making the assignment, so as to permit the application of the rule that, where the debt which was the foundation of the judgment was that of the judgment debtor whose property is sought to be reached, while the other judgment debtor was a surety only, execution need not be issued as against both judgment debtors as a condition precedent to an action in equity to reach property fraudulently transferred.

Appeal from Special Term, New York County.

Action by William Egan against James Hagan and others to set aside an assignment made by the judgment debtors, David McKown and another.   From an interlocutory judgment overruling the demurrer of James J. Hagan to the complaint, he appeals.   Judgment reversed, and demurrer sustained.

The complaint ·alleges the recovery of a judgment by the plaintiff against the defendant David McKown and one James F. Leary for the sum of $468.11; that a transcript of the judgment was duly filed in the county of New York, in which county the defendant McKown then and still resides; that an execution was duly issued upon said judgment against the personal and real property of the defendant McKown, which execution was returned unsatisfied and remains wholly unpaid; that "the said judgment was recovered upon debts of the said defendant McKown, contracted previous to the making of the transfer hereinafter mentioned"; that on or about the 17th day of June, 1905, the defendant McKown and his wife assigned to the defendant James J. Hagan all their right, title, and interest of, in, and to their undivided one-fifth interest in the estate, both real and personal, of James E. McKown, as well as their interest in the proceeds of the sale of certain real estate then in the hands of a referee in a partition action; that this assignment was not recorded, as required by chapter 692, p. 1690, of the Laws of 1904; that "the said assignment was made by the defendants David McKown and Anna H. McKown, his wife, and accepted by the defendant James J. Hagan, with intent to delay, hinder, and defraud the creditors of the defendant David McKown, and thereby the defendant David McKown became, and still continues to be, insolvent"; that "the pretended consideration set forth in said assignment as paid by the defendant James J. Hagan to the defendants David McKown and Anna H. McKown, his wife, is wholly fictitious; that in fact there was no consideration, but that the sum is therein inserted for the purpose of enabling the defendant James J. Hagan to obtain possession of the assigned property and money, that he may pay over the same to the defendants David McKown and Anna H. McKown and other persons designated by them; that the defendant David McKown has no other property; and that there are other judgments outstanding against the defendant David McKown."

The defendant James H. Hagan demurs to the complaint:   First, that there is a defect of parties defendant, in that James F. Leary, a joint judgment debtor with the defendant David McKown in the judgment on which said action is founded, is not made a party to this action;   second, that the complaint does not state facts sufficient to constitute a cause of action.

The learned court at Special Term has overruled the demurrer.   The defendant Hagan alone appeals from the interlocutory judgment.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

James F. Swanick, for appellant.
Lawrence E. Brown, for respondent.

LAMBERT, J. If the situation so permitted, we would follow the rule laid down in Baker v. Potts, 73 App. Div. 29, 76 N. Y. Supp. 406, wherein it is held that it is not of universal application that an execution must be issued and returned as against all the judgment debtors, as a condition precedent to an action in equity to reach property fraudulently transferred. The exception to the rule, as there pointed out, is based upon the conclusion of fact that the debt, which was the foundation of the judgment, was that of the defendant, whose property is sought to be reached, while his codefendant occupied the relation thereto of surety. Conceding the rule sound and to be followed in a proper case, it has no application here. It is in the complaint alleged "that the said judgment was recovered upon debts of the said defendant David McKown, contracted previous to the making of the transfer hereinafter mentioned." It is from this allegation that we are asked to draw the inference that Leary sustained the relation of surety to McKown in contracting the debts mentioned. If Leary and McKown were partners at the time the debts were contracted, and the same were incurred for the benefit of the partnership, it would justify the allegation as a basis of this action, that "the said judgment was recovered upon debts of the said defendant McKown." It would in that case be their joint or several debt. One test of the soundness of this conclusion would result from an attempt to convict the defendant McKown for perjury upon the assignment of a false statement "that the said judgment was recovered upon debts of the said defendant David McKown." It is clear that a conviction could not be had. The verified statement, as a matter of fact, would be true that the debts recovered upon were those of the defendant David McKown. The plaintiff is seeking to have the benefit of an exception to a general rule; he is seeking to be permitted to follow the property in equity of one of two joint judgment debtors, without exhausting his legal remedies. This he cannot do, in the absence of requisite allegations bringing his case within the exception. In this he has failed. This conclusion makes it unnecessary to pass upon the first ground of the demurrer, except to say that we sanction the rule applied by the learned court below, respecting the nonjoinder of parties.

The judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to plaintiff to amend on payment of costs in this court and in the court below.

PATTERSON, P. J., and HOUGHTON and SCOTT, JJ., concur. McLAUGHLIN, J., concurs in result.