## LOVEJOY v. CHAPIN et al.

(Supreme Court, Equity Term, Monroe County. March 22, 1909.)

1. FRAUDULENT CONVEYANCES (§ 66*)—INTENT TO DEFRAUD CREDITORS—TRANSFER PENDING ACTIONS.

> Where one of defendants transferred to her daughter all of her property subject to execution, pending plaintiff's action against her, in consideration of the daughter supporting her and her husband during her lifetime, the transfer was fraudulent and void as against existing creditors.

> [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 169; Dec. Dig. § 66.*]

2. EQUITY (§ 43*)—GROUNDS OF EQUITABLE RELIEF—ABSENCE OF LEGAL REMEDY.

> Equitable relief will not be granted, unless it is shown that complainant has exhausted his legal remedies.

> [Ed. Note.—For other cases, see Equity, Cent. Dig. § 121; Dec. Dig. § 43.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. FRAUDULENT CONVEYANCES (§ 241*) — PROCEEDINGS TO SET ASIDE — CONDI-
   TIONS PRECEDENT—ISSUING EXECUTION.
       Plaintiff recovered judgment against two defendants residing in differ-
   ent counties, and issued execution against both of them only in the county
   where one of them resided, which was returned unsatisfied.   *Held*, that
   plaintiff could not sue to set aside the fraudulent conveyance by defendant
   until he had exhausted his legal remedy against the other defendant by
   at least issuing execution against him in the county in which he resided.
       [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §
   714; Dec. Dig. § 241.*]

Action by Leon A. S. Lovejoy against Lucetta H. Chapin and an-
other.   Complaint dismissed.

Pomeroy P. Dickinson (Everett O. Gibbs, of counsel), for plaintiff.
Smith & Hebbard, for defendants.

FOOTE, J.   On the 12th day of August, 1908, the plaintiff recov-
ered a judgment in this court against the defendant Lucetta H. Chapin
and one Harrie G. Chapin for $632.63, damages and costs.   An execu-
tion was issued on the same day to the sheriff of the county of Monroe,
where the defendant Lucetta H. Chapin resided.   This execution was
in form against both the judgment debtors.   The judgment debtor
Harrie G. Chapin, however, was not a resident of the county of Mon-
roe, but resided in another county in this state, and no execution has
been issued to that county.   The execution issued to Monroe county
was returned wholly unsatisfied, whereupon plaintiff brought this ac-
tion in equity to set aside a deed of certain real property situate in the
village of Fairport, made by the defendant Lucetta H. Chapin to her
daughter, the defendant Truby B. Patterson, on the ground that the
same is fraudulent as against the plaintiff.

It appeared upon the trial that the defendant Chapin had no other
property out of which this judgment could be collected, and that the
deed to her daughter, the defendant Patterson, was made shortly after
the commencement of the suit by plaintiff against her and Harrie G.
Chapin, and before the recovery of the judgment in that suit.   The
consideration for this deed was the agreement on the part of the de-
fendant Truby B. Patterson for the future support and maintenance
of her mother, the defendant Lucetta H. Chapin, and her father Har-
low F. Chapin, during their natural lives.   There was no other con-
sideration.   The deed was, therefore, clearly fraudulent and void as
against the then existing creditors of the defendant Chapin.

But the defendants object that the plaintiff has no right to bring this
action in a court of equity to set aside that deed for the purpose of
collecting the judgment from the land until he has exhausted his rem-
edies at law; that he cannot appeal to a court of equity for relief, if
he has a sufficient legal remedy by which to collect the amount of his
judgment from either of the judgment debtors; and that he has nei-
ther alleged nor proved the issuing of an execution against the prop-
erty of the judgment debtor Harrie G. Chapin to the county where she
resides.   Contrary to my first impression, I find that the authorities
show that this is a perfectly valid objection to the maintenance of this

action. Equitable relief can, be had only where the plaintiff is without remedy at law, and it is necessary for the plaintiff to allege and prove that he has exhausted his legal remedies without success before he can be awarded equitable relief.

Among the earlier cases in this state where this principle was established is the case of Child v. Brace, 4 Paige, Ch. 309. In that case the plaintiff had recovered a judgment against five individuals who were copartners in the forwarding and commission business on the Erie Canal. One of the parties resided in Monroe county, one in Albany county, one in New York county, and one in Montgomery county. The judgment was recovered in Monroe county, where the copartnership had an office, and an execution was issued to the sheriff of that county and returned unsatisfied. Whereupon the plaintiff filed a bill in equity to set aside certain transfers of property made by one of the judgment debtors. The case came before the late Addison Gardner, then Vice Chancellor, who discussed the question involved here, which was presented there, on principle and authority, and reached the conclusion, which was subsequently affirmed on appeal to the Chancellor, and which is thus stated in the reporter's headnote:

"Before a judgment creditor is authorized to file such a bill, he must make a bona fide attempt to collect his debt by execution against the defendant; and where the judgment is against several persons he must exhaust his remedy by execution against all before he can apply to the court of chancery for relief, unless it appears that the persons against whose property the remedy at law is not exhausted stand in the situation of sureties, and that the bill is filed with their assent and for their benefit."

It is true that that action was brought to reach personal property and the Revised Statutes, which had then been recently adopted, contained the provision applicable to bills of discovery to reach personal property, which required previous issue and the return of an execution (2 Rev. St. p. 173, § 38), and which are now incorporated in the Code as sections 1871 and 1872. But the Chancellor said in his opinion that this statute was declaratory only of a principle which had been adopted by the court. The rule laid down in this case has been consistently adhered to and is the law of this state, both as to actions to reach personal property and actions to set aside conveyances of real estate, as appears from numerous decisions, of which the following are examples: Howard v. Sheldon, 11 Paige, Ch. 558; Voorhees v. Howard, 4 Abb. Dec. 503; Geery v. Geery, 63 N. Y. 252; Baker v. Potts, 73 App. Div. 29, 76 N. Y. Supp. 406; Adsit v. Butler, 87 N. Y. 585. And in the case of Egan v. Hogan, 119 App. Div. 189, 104 N. Y. Supp. 247, decided in this department, the rule is recognized as still in force, though not applicable in that case for the reason that the judgment debtor against whom execution had not been issued was a surety only.

But the plaintiff contends that there is still further exception to the general rule where the plaintiff's judgment is a lien upon land sought to be reached, assuming the deed to be void for fraud, and he seeks to remove the deed as a hindrance to the sale of the land upon his execution. This is not such a case. There is no execution outstanding in aid of which the plaintiff has brought this action; but, if there were, plaintiff must still allege and prove that he has exhausted his

remedy at law. This is held in the case of Shaw v. Dwight, 27 N. Y. 244, 84 Am. Dec. 275, where Chief Justice Denio uses this language:

"And even where it is sought to subject land by removing an obstruction to the plaintiff's execution, I am of opinion that a fieri facias should be returned unsatisfied, for the purpose of showing that the plaintiff is under the necessity of asking the aid of the court on account of his inability to collect his debt by process against the debtor's goods or chattels, but not for the purpose of perfecting his lien upon the land, for that is bound as strongly as it can be by the docketing of the judgment."

It follows that, before the plaintiff can maintain this action to annul the title which the defendant Patterson has acquired, he must make a bona fide effort to collect his judgment from the judgment debtor Harrie. G. Chapin, to the extent, at least, of issuing an execution to the county where that defendant resides.

Plaintiff's complaint must be dismissed, with costs.