### WEST SHORE FURNITURE CO. v. MURPHY.

(Supreme Court, Special Term, Ulster County.   May 12, 1913.)

1. FRAUDULENT CONVEYANCES (§ 47*)—SALES IN BULK.

Where the continuing partner of a mercantile firm became indebted to his relatives, and then while insolvent transferred, without complying with Personal Property Law (Consol. Laws 1909, c. 41) § 44, relative to the sale of merchandise in bulk, the merchandise to a newly created corporation in consideration of its stock, a part of which was at once transferred to the relatives pursuant to a scheme to exclude other creditors, the transfer was in fraud of the other creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 34; Dec. Dig. § 47.*]

2. FRAUDULENT CONVEYANCES (§ 269*)—PLEADING AND PROOF—RETURN OF EXECUTION.

A judgment creditor, who seeks to set aside a conveyance as fraudulent, must allege and prove the return unsatisfied of an execution, because equity should not be invoked until all legal remedies are exhausted.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 789-795; Dec. Dig § 269.*]

3. FRAUDULENT CONVEYANCES (§ 230*) — REMEDIES — EXECUTION—REPLEVIN—DEFENSES.

Where a transferee of a judgment debtor replevied the property levied on under execution, the levying officers could rely on the fact that the transfer was in fraud of the creditors of the debtor.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 660-664; Dec. Dig. § 230.*]

Action by the West Shore Furniture Company against Francis Murphy.   Complaint dismissed.

Nathan P. Bushnell, of Peekskill, for plaintiff.

Roscoe Irwin, of Kingston (N. Frank O'Reilly and Frederick E. W. Darrow, both of Kingston, of counsel), for defendant.

HASBROUCK, J.   This is an action in replevin for goods levied upon by the defendant, as city marshal, under executions in his hands. The answer alleges fraudulent transfer by the judgment debtor to the plaintiff.

[1] Samuel J. Cohen and Abraham Riber entered into a partnership on January 24, 1910, under the firm name and style of the West Shore Furniture Company, to transact the furniture business at the city of Kingston, N. Y.   Between that time and January 31, 1911, several persons sold the partnership goods, wares, and merchandise amount-

ing to $309. January 31, 1911, Cohen and Riber dissolved, and Cohen agreed to continue the business, take the goods, and pay the bills. On or about February 11, 1911, Samuel J. Cohen transferred his entire stock of furniture to the plaintiff, a corporation, in consideration of 26 shares of the plaintiff—the amount of its capital stock. Samuel J. Cohen had become indebted to his father, Jacob Cohen, in the sum of $1,500, and to his brother, Harry D. Cohen, in the sum of $1,000, and immediately transferred 15 shares of plaintiff's stock to his father, and 10 shares to his brother Harry. This was done in pursuance of a scheme of Mr. Bushnell, an attorney, who sought to protect his client, Jacob Cohen, to the exclusion of Samuel J. Cohen's other creditors, and was arranged because of the insolvency of Samuel J. Cohen on February 11, 1911. On the 13th day of June, 1911, the Southern Robertson Company, the Oriental Metal Bed Company, Lewis Weinstein, and Harry E. Brandt recovered judgments against Samuel J. Cohen and Abraham Riber in the City Court of the City of Kingston, N. Y., for goods, wares, and merchandise sold to them while in partnership, and upon such judgments executions were issued, and the city marshal levied upon the goods transferred by Samuel J. Cohen to the plaintiff. Francis P. Murphy was the city marshal, and now holds said goods upon said executions. The plaintiff in the suit at bar has brought an action to replevy the goods, claiming ownership and the right to immediate possession of them.

Two questions are raised: Was the transfer by Samuel J. Cohen to the plaintiff fraudulent? It seems to the court that it is confessedly so. The fact that the transaction is obscured by the organization of a corporation and the issue of stock to the father and brother, instead of delivering them the goods, places the badge of fraud on the transaction more conspicuously than actual delivery would have done. The transfer from Samuel J. Cohen to the plaintiff was made in defiance of the provisions of section 44 of the Personal Property Law (Consol. Laws 1909, c. 41), and viewed as a rule of evidence upon the facts proven there seems no alternative but to regard such transfer as to these judgment creditors invalid and void.

[2, 3] But the plaintiff says the city marshal (Murphy) cannot set up fraud as an answer. He cannot do more than the creditor may do; that before the judgment creditor may attack the transfer, an execution must have been issued and returned unsatisfied. There can be no question but that the general rule is that, where a judgment creditor seeks to set aside some instrument fraudulently conveying property he must allege and prove besides the judgment the return unsatisfied of an execution. Adsit v. Butler, 87 N. Y. 585. That is required because a court of equity should not be invoked until all legal remedies are exhausted. But here the legal remedy was not exhausted. The very goods sought to be transferred were levied upon by the execution. If they were the property of Samuel J. Cohen, and were fraudulently conveyed, they are, as between the creditor and the fraudulent holder, as if there were no conveyance. The fraud vitiates the transaction and renders the offensive act barren and of no effect. An act void for fraud is just as much so before as after a judgment adjudicating it. The judgment is the means only by which

the wrong may be set right. The levies the defendant claims were upon goods the title to and ownership of which was for the above reasons in Samuel J. Cohen. A creditors' suit is but the assertion of his lien upon the debtor's goods, for that great judge, Denio, says:

"One owing another, or having moneys or properties of his in his hands, is in some sense his trustee. This appears to me to be the foundation of the doctrine which attributes to the commencement of a creditors' suit something in the nature of a lien upon the debtor's choses in action." Becker v. Torrance, 31 N. Y. 637.

Here the defendant claims the lien and the right to enforce it because of his levy. He has a lien upon the property, and it presents one of the cases in which the court is properly invoked to effectuate the remedy. Chancellor Page says:

"There are two classes of cases where a plaintiff is permitted to come into this court for relief, after he has proceeded to judgment and execution at law without obtaining satisfaction of his debt. In one case, the issuing of the execution gives to the plaintiff a lien upon the property; but he is compelled to come here for the purpose of removing some obstruction fraudulently or inequitably interposed to prevent a sale on the execution," etc. Beck v. Burdett, 1 Paige, 308, 19 Am. Dec. 436.

Allen, J., of the Court of Appeals, says:

"A creditor by a simple contract is within the protection of the statute as much as a creditor by judgment; but until he has a judgment and a lien, or a right to a lien, upon the specific property, he is not in a condition to assert his rights by action as a creditor." Southard v. Benner et al., 72 N. Y. 427.

Cullen, C. J., says:

"That a creditor could not attack the fraudulent transfer until he had obtained some process which authorized the seizure of the debtor's property. * * * The rule that a creditor must first recover a judgment is simply one of procedure and does not affect the right." Skilton v. Codington, 185 N. Y. 87, 77 N. E. 792, 113 Am. St. Rep. 885.

There are forms of property, such as choses in action, where an execution is of no aid, except to make it plain to a court of equity by an unsatisfied return that legal remedies have been exhausted. Geery v. Geery, 63 N. Y. 256. There is another situation where an execution has been issued and a levy made, but the levy is obstructed by other process or transfer. In such a case it is proper to bring an action in equity in aid of the execution to clear the judgment creditor's way to satisfaction out of his debtor's property. Beck v. Burdett, supra.

This is regarded as the position of the marshal, standing in the place of the judgment creditor and having a levy of the debtor's goods. It seems to me that he has the right to invoke the aid of the court in his answer against the fraudulent transfer of the judgment debtor.

The complaint is dismissed, with costs and disbursements, and the transfer by Samuel J. Cohen to the plaintiff declared invalid and void.